## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

PETERSBURG R. R. CO. v. HITE.

APRIL 22d, 1886.

1. PRACTICE AT COMMON LAW—*Instructions.*—In actions against a railroad company for injury done plaintiff by its negligence, instructions asked for by defendant, with a view to present the question of contributory negligence on plaintiff's part, should be refused when no evidence of such negligence has been introduced to the jury.

2. RAILROAD COMPANIES—*Noises—Liabilities.*—If railroad company in running its engines and cars on its tracks, and within its yards, *needlessly or negligently* makes such noises as are usually incident to such running, and horses lawfully in the vicinity are thereby caused to run off and injury is inflicted, such company is liable. But whether in a particular case such noises are needlessly or negligently made depends on the circumstances of that case.

3. IDEM—*Case at bar.*—A case wherein such noises were needlessly and negligently made.

Error to judgment of hustings court of city of Petersburg, rendered 1st February, 1884, in an action for damages by negligent injury, wherein R. M. Hite was plaintiff, and the Petersburg Railroad Company was defendant. By noises needlessly and negligently made by the defendant's employees in blowing off steam from the cylinder cocks, the plaintiff's horse, which he was driving along a public street where he had a right to drive, was frightened and caused to run off, and injury was thereby inflicted on plaintiff. The jury found a verdict for plaintiff and assessed his damages at $900, and judgment was

accordingly entered.    During the course of the trial the plaintiff asked for, and the court gave the jury, seven instructions, which are as follows:

1st. If the jury believe from the evidence that, at the time the injury complained of by the plaintiff was sustained, he was lawfully passing along Union street, a public highway in the city of Petersburg, and was exercising ordinary care and prudence in crossing the railroad tracks of the defendant corporation laid upon the said Union street, and that while he was so passing, the defendant, by its agent or employé, negligently, and without ordinary care and caution, caused large volumes of steam to be discharged from its engine, standing or passing across or in close proximity to the said street where the plaintiff was then passing, and that by the noise made (and said volume created) by the escaping steam, the plaintiff's horse was frightened and caused to run away, and that by reason thereof the plaintiff was violently thrown from his vehicle, in which he was then seated and passing along the said street, and injured, they must find for the plaintiff.

2d. The court instructs the jury that the terms negligence and ordinary care are correlative terms.    Ordinary care means such care as is taken by men of ordinary sense and prudence to avoid injury to their own interest.    It depends upon and varies with the circumstances of the particular case.    Ordinary care with reference to the management of a railroad means that degree of care which the majority of prudent and careful men would take in the same situation to avoid the same risks to their own persons.

3d. The court instructs the jury that a railroad company may, within its location, erect or maintain buildings which obstruct the traveller's view of approaching trains; but it is bound to take the precautions and give the warnings which the peculiar dangers resulting from such obstruction of view reason-

ably requires. If the crossing is, from its locality or mode of construction, peculiarly dangerous, corresponding care and pre-caution are required of the company to prevent injury to persons travelling on the highway.

4th. The court instructs the jury that an ordinance of the city of Petersburg requires that no engine shall be drawn or propelled upon any railroad, in or across any street in said city at a greater rate of speed than three (3) miles an hour, or faster than the ordinary walk of a man; and that while any locomotive shall be passing along or across any street, and also while the same shall be approaching and within fifty (50) yards of any street, the bell on such locomotive shall be kept constantly ringing. And if the jury believe from the evidence that the injury done to the plaintiff was the result of a failure on the part of the defendant company, or its agents and servants, to comply with any one or more of the said requirements of said ordinance, they must find for the plaintiff.

5th. The court instructs the jury that the provisions of said ordinance are cumulative only, and that the company is still bound to use such other precautions as are required in the prudent and skilful management of its road, in order to prevent injuries from fright as well as from collision.

6th. The court instructs the jury that when the engines of a railroad company are operated along or upon a public highway at night, the added danger demands of the company additional precautions corresponding to the risk to which the lives and property of travellers are exposed.

7th. The court further instructs the jury that if they should find for the plaintiff, they may, in assessing his damages, take into consideration the expense of his cure, the value of the time lost by him during his cure, and a fair compensation for the physical and mental suffering caused by the

injury, as well as any permanent reduction of power to earn money.

To the giving of which instructions the defendant objected. But the court overruled the objection, and the defendant excepted. The defendant then asked for ten instructions, and the court gave them all except the third and the ninth. To this ruling of the court the defendant again excepted. And thereupon the court gave, in lieu of said third instruction, the following—viz: "That the rights of the company and the plaintiff on the crossing were mutual. Each was bound to exercise ordinary care and prudence in crossing the street. That ordinary care depends on the circumstances of each particular case; and is such care as a person of ordinary prudence would have exercised. If, therefore, the jury believe from all the evidence in this case that the plaintiff himself so far contributed to this misfortune, by his own negligence or want of ordinary care and caution, and that, but for such negligence or want of ordinary care and caution on his part, the misfortune would not have happened, then he is not entitled to recover." But there was before the jury no evidence of such want of care and caution on the part of the plaintiff.

Opinion states the facts.

*Jas. H. Dooley* and *Alex. Hamilton,* for plaintiff in error.

*W. B. McIlwaine* and *Friend & Davis,* for the defendant in error.

HINTON, J., delivered the opinion of the court.

This is an action on the case for negligence. The plaintiff obtained a verdict and judgment in the court below for the sum of $900; whereupon the defendant applied for and obtained a

writ of error and *supersedeas* from one of the judges of this court.

The case is before us upon exceptions to the instructions given for the plaintiff; the refusal of the court to give instructions three and nine, as asked by the defendant; to the giving of the modified instruction which the court gave in lieu of said third instruction; and to the refusal of the court to grant a new trial.

As to the instructions given for the plaintiff, it may be said of them, taken as a whole, that they seem to correctly state the law and are in all other respects unexceptionable. And as to the refusal of the court to give the third and ninth instructions, as asked by the defendants, it need only be said that they were intended to present to the jury the question of contributory negligence as it was supposed to affect the plaintiff's right to recover in this action; but, as there is no evidence which we have been enabled to discover in the record tending to make out a case of contributory negligence on the part of the plaintiff, neither of these instructions should have been given. For the same reason, it was unnecessary for the court to have given the modified instruction which it gave in lieu of the third instruction asked for by the defendant; but as this is an error of which the defendant in error does not and the plaintiff in error cannot complain, it will not be further noticed. We come then to the only important question in the case, which is, whether there can be any recovery against a railroad company, in a case like the present, where the injury occasioned by the plaintiff is produced by the blowing off of steam from the cylinder cocks. Undoubtedly railroad companies have the right to run engines and cars over their own roads and in their yards, and, as a consequence, they have the right to make the usual and reasonable noises necessarily incident to a running train; and for the making of such noises, therefore, when they

are neither negligently nor unnecessarily made, no cause of action will arise, although animals may be frightened thereby and injury ensue. On the other hand, it has been often held, and it is undoubtedly true, that if such noises are made needlessly or negligently and horses lawfully in the vicinity are caused to run off and injury is inflicted, that the company will be liable. 1 Whart. on Negligence, secs. 835 and 836; Pierce on Railroads, 348. The inquiry in every case, therefore, must be, whether the company was exercising its rights in this respect in a lawful and reasonable manner, with a due regard to the rights of others who may be lawfully travelling in the vicinity of the railroad track, for it must be obvious that what may be due care in a thinly-settled neighborhood or near an unfrequented road, would be sheer negligence in a thickly-settled town and on a street along which horses were being momentarily driven.

Now, in the present case, we think it appears that the engine, although within the company's yard, was not managed with a due regard to the rights of the plaintiff, who was lawfully, and in the exercise of proper care, crossing its track. It does not appear that the engine might not have stopped at a much greater distance from the street and where the steam might have been blown off without the danger of frightening horses lawfully crossing its track. *Manchester, &c., R. Co.* v. *Fullerton,* 14 C. B. (N. S.) 54; *Penn. R. R. Co.* v. *Horst,* No. 5, Vol. 2, Eastern Reporter, 398; Shear & Redf., sec. 486.

For these reasons, I am of opinion to affirm the judgment of the hustings court of the city of Petersburg.

FAUNTLEROY, J., dissented.

JUDGMENT AFFIRMED.