$\u$

## 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

NORFOLK AND WESTERN RAILROAD COMPANY v. BURGE.

NOVEMBER 17th, 1887.

Absent, Lewis, P.

1. RAILROAD COMPANIES—*Negligence—Crossings—Case at bar.*—Defendant's track ran on a city street. From it a side track led to a wharf through a gate surrounded by high fences, and on the east by buildings that prevented persons coming from the wharf from seeing approaching trains. No watchman was at the gate. At time of accident defendant was pushing a train to the wharf, but gave no signals. Plaintiff was driving out, when some one called him and he looked back, and the train collided with his truck and ran over his foot, whereby he sustained injury:

HELD:

 1. It was plaintiff's duty to look and listen for approaching trains with the care of an ordinarily prudent man; if he failed to do so, he cannot recover, unless, when defendant saw him, or should have seen him, it failed to use proper means to avoid the accident.

 2. If place of accident was such that a person driving out could not see approaching train, plaintiff's not looking in front of him was not contributory negligence, unless he knew the train was approaching.

 3. Instruction, which contains an abstract proposition and sheds no light on the case, is properly refused.

 4. Company running its trains on city streets, must use greater care than in less frequented localities, and any neglect of precautions proper in such case, constitutes negligence.

 5. If pushing train increased plaintiff's danger, it was negligence in defendant not to give timely notice.

 6. Negligence being a mixed question of law and fact, it was proper to leave it to the jury to find whether defendant had done or

omitted any act which, in the exercise of ordinary care, it was its duty to perform. -

2. IDEM—*Verdict—Excessive damages.*—Under the circumstances of this case, a verdict of $2,000 was not excessive.

Error to judgment of corporation court of Norfolk, rendered April 29th, 1886, in an action at law for negligent injuries wherein August Burge was plaintiff, and the Norfolk and Western Railroad Company was defendant. Verdict and judgment for $2,000 damages were for the plaintiff. At the trial instructions were refused and given, and the defendant excepted to the court's rulings thereupon, and moved for a new trial; which being refused, it again excepted. And it obtained from one of the judges of this court a writ of error and *supersedeas* to the said judgment. Opinion states the case.

*Sharp & Hughes* and *Wm. J. Robertson,* for the plaintiff in error.

*George McIntosh* and *Tunstall & Thorn,* for the defendant in error.

RICHARDSON, J., delivered the opinion of the court.

The declaration alleges that the plaintiff was a truckman, and that on the 20th of June 1885, while he was driving his truck from the wharf of the Old Dominion Steamship company, in said city, the truck was struck with such force and violence by a train of the defendant company, which was being backed or pushed into the said wharf, as that the truck was demolished, and the plaintiff himself was seriously injured. The object of the action was to recover damages for these injuries, which, it is alleged, were caused by the negligence of the defendant.

The evidence shows that the defendant has a track running down Water street, in said city, and that a short distance above

or east of the gate leading from the wharf of the Old Dominion Steamship company into the said street, is a switch at which a track branches off from the main track, and runs through the gate above-mentioned into the said wharf. The accident in question occurred while the plaintiff was attempting to pass through this gate, which is the only means of ingress and egress for trucks and other vehicles to and from the said wharf. The evidence also shows that the railroad track on Water street is entirely hid from the view of any one inside the gate, on the wharf, owing to high buildings on the east side, fronting on the said street, and a high, close fence on either side of the gate; so that a person about to drive from the wharf into the street cannot see a train on the track above or east of the gate; nor does the accustomed ringing of a bell when trains are moving on the street above the gate indicate to a person on the wharf, whether the train, the bell of which is being rung, is moving on the main track, or on the track leading through the gate into the wharf, before it comes in view at the gate.

The evidence also shows that prior to the accident, the defendant company sometimes stationed a watchman at the gate to warn persons of the approach of trains when going into the wharf, such a precaution being regarded as necessary to avoid accidents, and it does not appear that a watchman was there stationed when the accident in question occurred. In point of fact, the evidence shows the contrary. It also shows that as the plaintiff started to drive from the wharf, his attention was attracted by some one calling to him from behind; that he turned his head in the direction from which the voice came, and as he was driving through the gate, the train backing to pass in at the gate, suddenly came upon the plaintiff, colliding with his truck before it cleared the gate, and injuring the plaintiff as above stated.

This statement of the evidence is sufficient for a correct understanding of the questions which have been raised respect-

ing the action of the lower court in giving certain instructions to the jury, and in refusing to give certain other instructions.

After the evidence had been introduced, the defendant moved the court to instruct the jury as follows: "Although the jury may believe from the evidence that the defendant or its employees gave no signal of the approach of its cars, either by ringing bells or by calling out, or otherwise, yet, if the plaintiff could by looking around, or by watchfulness on his own part, in approaching the railroad track, have discovered the approach of the defendant's cars, or if, after seeing the same, he could have avoided them by turning aside, backing, remaining standing, or otherwise, and did not, he was guilty of such contributory negligence as bars his recovery."

This instruction the court refused to give, and in lieu thereof gave the following: "Although the jury may believe from the evidence that the defendant or its employees gave no signal of the approach of its cars, either by ringing bells or by calling out, or otherwise, yet, if the plaintiff knew the train was then nearing the gateway to pass through, or could by such observation or watchfulness in approaching the railroad track as a man of ordinary prudence under the circumstances would have used, have ascertained that the train was approaching to pass through in time to have avoided it by the use of such means as an ordinarily prudent man would have used under the circumstances, and did not so avoid it, he was guilty of such contributory negligence as bars his recovery."

It needs no argument to show that in this action of the court there was no error. In the instruction which was refused, no attempt was made to define the degree of care and caution which it was incumbent on the plaintiff to have exercised to entitle him to recover—an objection which does not apply to the instruction given. In the latter, the jury were correctly instructed that to entitle the plaintiff to recover, he must have exercised such care and caution as an ordinarily prudent man would have used under the same circumstances, whereas the

former is in this particular vague and indefinite, and was cal-culated to mislead the jury. It was, therefore, properly refused.

Moreover, the instruction which was given must be taken in connection with the following instructions which were also given, and which correctly propound the law:

" 1st. The jury are instructed that it was the duty of the plaintiff, in approaching the railroad track of the defendant, to look and listen for approaching trains with such care as an ordinarily prudent man, under the same circumstances, would have used, and failure, if there was failure to do so, is such contributory negligence on his part as debars a recovery for an injury received by collision with the approaching train, unless the defendant, after seeing the plaintiff, or after it should, in the exercise of due care, have seen the plaintiff on its track, or so near thereto as not to leave space to pass clear, failed to exercise all proper means to avoid the accident."

" 2d. Although the jury may believe from the evidence that the defendant or its employees had no look-out properly sta-tioned, yet, if the plaintiff could by looking about him with ordinary care, or by the ordinary use of his ordinary senses in approaching the railroad track, have discovered the approach of the defendant's cars in time to have avoided them by the use of such means or conduct as a man of ordinary prudence under the same circumstances would have used, and did not so avoid them, he was guilty of such contributory negligence as bars his recovery."

An exception was also taken to the refusal of the court to give the following instruction: " The jury are instructed that the degree of care required of a railroad company is that used by good specialists in the same business."

This instruction was very properly refused. It embodies an altogether abstract proposition, and would have shed no light upon the case the jury were sworn to try. It would not have informed the jury either what it meant by " a good specialist," or what degree of care is required of such a person; so that

the jury, instead of being aided or enlightened, would have been perplexed by the instruction if it had been given. Nothing more need be said, therefore, to show the propriety of the refusal of the court to give it.

Complaint is also made of the action of the court in giving to the jury the following instruction at the instance of the plaintiff:

"If the jury believe from the evidence that the plaintiff was injured by the defendant's train by the defendant's negligence, and that the place of the accident is so situated that a view of an approaching train was so obstructed that a person driving out from the yard of the steamship company could not see an approaching train, then the fact that the plaintiff did not look or see the approaching train cannot be considered as contributory negligence."

As regards this instruction it is proper to say that the question of negligence is a mixed question of law and fact; (*Dun* v. *Seaboard and Roanoke R. R. Co.*, 78 Va., 645; *Balt. and Ohio R. R. Co.* v. *McKenzie*, 81 Va., 71), and the jury having been previously instructed as to the degree of care required of the defendant company, it was left to them to say whether the injuries of the plaintiff were caused by the defendant's negligence, with the further remark in effect that if the evidence showed that the plaintiff was so situated that it was physically impossible for him to see the approaching train, then the fact that he did not look or see it was not contributory negligence on his part. We are of opinion that the instruction correctly propounds the law, and that the court did not err in giving it.

Nor did the court err in further instructing the jury as follows: "If the jury believe from the evidence, and from a view of the place where the accident is alleged to have taken place, that the view of an approaching train was obstructed by buildings or otherwise, and that ordinary care would have required other precautions, and that the defendant did not use such other precautions, then they must conclude that the defendant

was guilty of negligence; and if they believe further from the evidence that the plaintiff did not know that the train was nearing the gate, so as to endanger his passing through, but acted as an ordinarily prudent man would act under the circumstances, they must find for the plaintiff such damages as are proper, not exceeding the amount claimed in the declaration."

Objection is made to this instruction, on the ground that it is indefinite, in leaving it to the jury to say what precautions the defendant should have taken. It is for the court, says the plaintiff in error, and not the jury, to say what precautions, in such a case, are necessary, and that the instruction violates this rule. It is a sufficient answer, however, to this objection to say that there is no such rule. On the contrary, as already stated, negligence is a mixed question of law and fact, and it was, therefore, properly submitted to the jury to say whether the defendant had performed or omitted any act or acts which in the exercise of ordinary care, it was its duty to perform. In other words, the jury were told that it was the duty of the defendant to exercise ordinary care, and that a failure on its part to do so, if there was such failure, was negligence. Sherm. & Redf. Neg., § 11, and cases before cited.

For substantially the same reason, we are of opinion that there was no error in giving the following instruction, namely: "If the jury believe from the evidence that the defendant's train was being pushed by the engine, and that this mode of locomotion increased the risk of injury to the plaintiff and other persons and property, then the law imposed an obligation upon it to give timely and suitable notice and warning of what the defendant was doing, and if the defendant did not give such timely and suitable notice, it was guilty of negligence, and if the plaintiff acted with the care with which an ordinarily prudent man would act under the circumstances, they must find for the plaintiff such damages as are proper, not exceeding the amount claimed in the declaration."

The last and only remaining instruction which was given, is as follows : " The court instructs the jury that a railroad company running and operating its trains on the streets of a city, must use greater care and diligence to prevent injuries to persons and property, than is required of them in running and operating their trains in less frequented and populous localities; and so in certain localities in the town greater precautions may be necessary than in others; for example, if the train is being carried around a corner, objects or persons on the other side of which are hidden from view, it is required of them to resort to special precautions, depending upon the particular locality and the circumstances to avoid accidents, and any neglect of such precautions as are proper under the peculiar surroundings and circumstances of the locality constitutes negligence, for which the railroad company is liable in damages, unless the plaintiff by the exercise of ordinary care on his part could have prevented the accident; and courts do not hold a person who is faced with a sudden danger to the same degree of judgment and presence of mind as would otherwise be required of him, and the burden of proof is on the railroad company to prove such absence of ordinary care on the part of the plaintiff."

We see nothing objectionable in this instruction. It correctly states the law, and was properly given. *Norfolk and Petersburg R. R. Co.* v. *Ormsby*, 27 Gratt., 455 ; *Railroad Co.* v. *Gladman*, 15 Wall., 401; *Balt. and Ohio R. R. Co.* v. *McKenzie*, 81 Va., 71; *Petersburg Railroad Co.* v. *Hite*, 81 Va., 767. It is also contended that the court below erred in overruling the defendant's motion for a new trial. The motion was based on the ground that the verdict was contrary to the law and the evidence, and also because the damages awarded by the jury were excessive. The evidence, all of which was parol, is certified in the bill of exceptions, and not the facts proven, so that, according to the established rule in this court, we must look to the evidence of the plaintiff only. And a careful examination of that evidence satisfies us that the injuries of the plaintiff,

which were serious and permanent, were caused by the culpable negligence of the defendant, without any contributory negligence on the part of the plaintiff. The jury assessed the damages at $2,000, and we find nothing in the record to justify this court in setting the verdict aside. See *Benn* v. *Hatcher,* 81 Va., 25. For these reasons the judgment must be affirmed.

FAUNTLEROY, J. dissented.

JUDGMENT AFFIRMED.