# Richmond.

## RICHMOND AND DANVILLE R. R. Co. v. BROWN.

### March 16th, 1893.

RAILROAD COMPANIES—*Negligence—Suit for damages.*—From the evidence disclosed by the record, viewed upon the principle of demurrer to evidence, (§ 3484)—

HELD:

That the injury to the plaintiff was the result of the defendant company's negligence, and the company is therefore liable to answer in damages.

Error to judgment of circuit court of Pittsylvania county, rendered June 25th, 1891, in an action of trespass on the case wherein the defendant in error, Brown, was plaintiff, and the plaintiff in error, the Richmond and Danville Railroad Company, was defendant, the object of the action being to recover damages for injuries received by plaintiff in discharging his duties as brakeman, and caused by the negligence of the company. The evidence was heard at the trial both for plaintiff and defendant, and a verdict was rendered for plaintiff for $2,650, and the defendant moved the court to set aside the verdict and grant a new trial, but the court overruled the motion and rendered judgment in accordance with the verdict, and the defendant excepted and brought the case to this court by writ of error.

*Kirkpatrick & Blackford*, for plaintiff in error.

*Duke & Duke, Green & Miller*, and *George T. Rison*, for defendant in error.

LACY, J., delivered the opinion of the court.

The only error assigned here is as to the action of the circuit court in overruling the motion of the defendant to set aside the said verdict and grant him a new trial.

This is a case which depends upon the evidence, which is certified by the trial court, and must be considered in this court upon the principle of a demurrer to evidence. *R. & D. R. R. Co.* v. *Moore's Adm'r*, 78 Va., and cases cited.

Considered from the standpoint of a demurrer to the evidence, the case is as follows:

On the 27th of March, 1890, at a depot of the defendant company, called Chatham, a train going south reached the station, having in the train a freight car, loaded in part for that point, and desiring to take up some cars standing on a side track next to the depot building, as shown on the accompanying map:

At that point it will be observed there are three tracks—the main track in the middle, with the sidings upon either hand. On the left, looking south, and close to the siding, is situated the ticket and telegraph office and passenger depot, and on the right, close to the other siding, is the freight depot, the platform of which is raised just high enough to be on a level with the floor of a freight car standing upon the siding, which is so constructed that when a car is standing on the siding at the depot the distance between them is from two to three inches for the wide cars, and from five to eight inches for the narrow cars.

The train in question came upon the main track and stopped the freight car containing freight for that point directly opposite to the depot door, and cut loose, by order of the captain or conductor, at the south end of the box-car, and he (the captain) called the plaintiff to carry the freight from the box-car across the right-hand siding to the depot, which he commenced to do. The captain then dispatched the rest of the train, with the engine, to pull up and back into the right-hand siding, and come into the siding at the south end to take up some cars standing on the siding north of the said freight depot, so that the mission of the plaintiff being to cross this siding south of the standing cars, and the mission of this moving section of the train being to reach these cars moving north, and so necessarily to intersect the path of the plaintiff. The plaintiff, with a barrel of flour upon his shoulders, at the back of his neck, held by both hands above his head, crossed to the depot and turned to set the barrel of flour off of his shoulders on the edge of the platform of the depot. As he straightened up to do this he perceived the moving train backing down upon him, to get these cars standing beyond him, and coming at such a rate that he perceived that he could not safely cross the siding, and that if he attempted it he would be run down. He says that the backing train

increased its speed as it backed down upon these cars, which is so improbable that his impression to that effect was possibly due to the excited condition he was in, in consequence of his situation.   He looked to the left of him, and the car next to him looked as if there was space enough for him to stand between the car and the platform in safety, and he stood there and helped to make the coupling, and the train moved off, while he backed against the depot and tried to make him. self small, so as to let the cars to the north of him pass him without injury to him ; but it so turned out that the second car to the north of him, and which was drawn out with the first, was a wide car, and too wide to pass him without great danger to him ; and, perceiving this, he commenced to step sideways as rapidly as he could, but too late.   The wide car caught him up against the edge of the platform, and rolled him around to the end of the platform, and dropped him there, badly hurt.

This statement is materially changed if we could consider the contradictions on the part of the plaintiff, but that we cannot do under our law.

The first question is, Was the plaintiff injured by the negligence of the company, or of any agent who must be regarded as representing the company, and not a fellow-servant of the plaintiff?   The captain of the train cut his train loose on the south side or end of this box-car, and left that car standing on the main track to be unloaded, which could then be done only by crossing the siding between the main track and the depot.   After this was done and this employee was started on his trips, bearing burdens across this siding, it was an unnecessary hazard to expose the employee to, to set a train to running across his path—a thing which could have been done as well, and with no more delay, either after he had finished his task or before he commenced it.   Nothing was saved in time, for obviously this employee and the moving

train could not occupy the same place on that track without the destruction of the former, and it would have consumed no more time for the employee to wait on one side than the other of the track occupied by the moving train, and he should not have been sent across the path of the moving train, nor that across his path.

And, again, by a moment's reflection, the captain would have seen that, if he cut the train at the north end of the box-car, he would have carried the said box-car down on the right-hand siding opposite, and contiguous to the depot, exactly where it could be promptly unloaded on the platform, which was on a level with the bottom of the car and only a few inches off. And as the box-car was not to be wholly unloaded at that point, as a part of the freight in it, and the car itself, was to go on with the train, it could have been attached to the cars standing on the siding and drawn out with them.

But it is insisted that although this negligence shall be attributed to the captain, and so to the company, yet the plaintiff was guilty of contributory negligence in not crossing between these sections when they banged together, and did not at the first trial couple ; but (1) the plaintiff says that he could not get through, nor cross before the moving train, without being run down and killed ; and (2) if the plaintiff had been placed in a position of danger and peril by the negligence of the defendant, and, through fear and fright, received an injury which, without such fear and its consequent mistaken effort to escape, it will not be such negligence as will disentitle him to recover. The negligence of the defendant was the proximate cause of the injury. *B. & O. R. R. Co.* v. *McKenzie,* 81 Va. Rep. 79.

It is clear, we think, that in this case the injury to the plaintiff was the result of the negligence of the company, and the said company is therefore liable to answer in damages.

And the circuit court having so decided, we are of opinion to affirm the judgment complained of and appealed from here.

RICHARDSON, J., *dissented.*

JUDGMENT AFFIRMED.