## Richmond.

RICHMOND TRACTION COMPANY v. WILKINSON.

March 19, 1903.

1. CONTRIBUTORY NEGLIGENCE—*Infants—Presumption—Burden of Proof*.
   A child between the ages of seven and fourteen years is presumed to
   be incapable of contributory negligence, and the burden is on the
   party alleging it to establish it by evidence and circumstances show-
   ing his maturity and capacity. The care and caution required of an
   infant of tender years is determined wholly by his maturity and
   capacity.
2. NEGLIGENCE—*Questions for Jury—Acts of Infants—Street Railways.*—
   Whether or not the running board of a street car is a dangerous
   place for a child seven years or age to stand on, or it is dangerous
   for him to jump from a moving car, or the car is running slow
   enough to justify the conductor of a street car in ordering a tres-
   passing child seven years of age to jump off, are all questions for
   the jury, and were properly submitted to the jury by the instruc-
   tions given in this case.
3. INSTRUCTIONS—*Harmless Error—Trespasser on Street Railway.*—If the
   conductor and motorman of a street car knew that a small boy,
   who was a trespasser, was on their car in a dangerous position, an
   instruction which uses the language "knew, or by the exercise of
   ordinary care could have known" of his dangerous position, is harm-
   less error. The facts show that no duty of foresight was required.
4. STREET RAILWAYS—*Jumping Off Moving Cars—Intimidation by Con-
   ductor.*—A street car company is liable for injuries inflicted on a
   small boy by jumping from a moving car by direction of the motor-
   man or conductor of the car when intimidated by such direction. It
   is for the jury to determine under all the evidence whether or not
   the child was unable to resist the order, or was in fact intimidated.
5. INSTRUCTIONS—*Refusal—Fully Instructed.*—When the jury has been
   sufficiently instructed, it is not error to refuse to further instruct.
6. STREET RAILWAYS—*Jumping From Moving Cars—Intimidation—Unin-*

*tended Results.*—If a child of tender years jumps from a moving street car, under the impulse of fear, induced by the threatening orders of the conductor, and lands in a dangerous place from which he rolls on to the track, and is injured, the car company is liable. The negligence or fault of the conductor is the proximate cause of the injury.

Error to a judgment of the Circuit Court of the city of Richmond, rendered July 18, 1902, in an action of trespass on the case wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The opinion states the case.

*Wm. L. Royall,* for the plaintiff in error.

*Sands & Sands,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

Holland R. Wilkinson, an infant seven years of age, by his next friend, instituted this action to recover damages for injuries alleged to have been sustained by him in consequence of the careless and negligent conduct of the plaintiff in error in operating and running one of its electric cars.

Viewed from the standpoint of a demurrer to the evidence, the record shows that the terminus of the Broad-street line was at Chimborazo Park on Church Hill, and that when car No. 31 had reached that point and had come to a standstill, a number of little boys jumped on it and commenced turning the seats, while the conductor and motorman were preparing to switch the car over to the west-bound track for its immediate departure on the return trip; there being no delay at the terminus, the cars, under the prescribed schedule, leaving immediately upon their arrival. The employees running this car were a motorman, who was making extra time, and a conductor who was making his first trip alone, with eight or ten days' pre-

vious training. Holland Wilkinson, the defendant in error, a
small boy, seven years of age, who had only been in the city
about two months, without experience about cars, stood on the
step or running board along the side of the car, and from that
position assisted in turning over the seats. While he was in
this position the conductor gave the signal for the motorman to
start, and the car moved off with young Wilkinson on the run-
ning board outside the car. He says he could not get off be-
cause the car had started up "real fast." While the car was
moving the conductor commanded him in a loud voice two or
three times to get off the car, and, being frightened by the con-
ductor, he jumped and landed on a pile of sand, thrown up by
the side of the track, which gave way under him, and he was
precipitated under the car and run over, with the result that
both legs were cut off about the knee joints.

The following instructions were given for the plaintiff:

## "A."

"The court instructs the jury that the conduct of an infant is
not of necessity to be judged by the same rules which govern
that of an adult; that while it is the general rule in regard to
an adult or grown person that to entitle him or her to recover
damages for an injury resulting from the fault or negligence
of another, he or she must have been free from fault, such is
not the rule in regard to an infant of tender years. The care
and caution required of a child is according to its maturity and
capacity wholly, and this is to be determined by the circum-
stances of the case and the evidence before the jury, and the
law presumes that a child between the ages of 7 and 14 years
cannot be guilty of contributory negligence, and in order to
establish that a child of such age is capable of contributory
negligence, such presumption must be rebutted by evidence
and circumstances establishing his maturity and capacity."

### "B."

"If the jury further believe from the evidence that the employees of defendant knew, or could have known, by the exercise of reasonable care, that the plaintiff was on said car in a dangerous situation, considering his age and experience and understanding, then it was their duty to slow up sufficiently to permit said plaintiff to leave said car in safety if the same was in motion, and if the said car had not been started, not to start same until said plaintiff had gotten to a place of safety, and if the jury believe from the evidence that the injury resulted to the plaintiff from the failure of said employees in either one of these particulars, they must find for the plaintiff; provided they believe from the evidence that the plaintiff exercised such a decree of care and caution as under the circumstances might reasonably be expected from one of his age and intelligence."

### "C."

"If they believe from the evidence that the motorman or conductor knew, or could have known, by the exercise of reasonable care, that when the car was about to start off on its return trip that the said plaintiff occupied a dangerous position for a child of tender years, then it was the duty of the said conductor and motorman not to start the car while the plaintiff was so occupying said position, and if they believe from the evidence that they did so, negligence may be imputed to the defendant, if the jury believe that the accident was occasioned by said negligence; provided, the jury shall believe from the evidence that the plaintiff exercised such a degree of care and caution as under the circumstances might reasonably be expected from one of his age and intelligence."

### "D."

"The jury are further instructed by the court that if the plaintiff, Holland R. Wilkinson, at the time of the injury, was

a child of tender age of seven years, and was riding upon the defendant's car in the city of Richmond, whilst the same was in motion, and that the defendant's servants in charge of said car knew of his presence on the car and ordered him to get off, it was their duty to have reduced the speed of said car before ordering the plaintiff to leave the same, to such a rate of speed as that the plaintiff might depart from the car with safety, notwithstanding the jury may believe that the plaintiff was at the time a trespasser upon the defendant's car. But in order to find for the plaintiff, the jury must believe that the order of the conductor was given in such a manner as to frighten or intimidate the plaintiff to such an extent as to cause him to jump from the car while it was in motion; taking into consideration the age and capacity of the plaintiff."

## "E."

"The court further instructs the jury that if they believe from the evidence that the plaintiff was injured by jumping from a moving electric car of the defendant, whilst being propelled through the streets of the city of Richmond, and that the plaintiff's act of jumping from the car was caused by the orders of the defendant's motorman or conductor, in charge of the car, given while the car was in motion, then they must find for the plaintiff, provided the jury shall believe that the plaintiff, by reason of his age and want of judgment and discretion, was unable to exercise care and caution to resist the orders of the defendant's motorman or conductor; the jury must believe from the evidence that the conductor ordered the plaintiff to get off while the car was moving, in such a threatening manner as to intimidate the plaintiff considering his age and capacity, and thereby caused him to jump from said car."

## "F."

"The court instructs the jury that if they believe from the evidence that the plaintiff, Holland R. Wilkinson, at the time

of the injury, was a child of tender years and had boarded a car of the defendant company whilst the same was standing at the eastern terminus of the defendant's road, and that the agents and employees of the defendant company knew, or could have known, by the exercise of ordinary care, of his presence on said car, and that said child was standing on the step of said car, and that step was a place of danger for a child, that it was the duty of the agents or employees of said company to take notice of the danger of the plaintiff, and if they believe from the evidence that the conductor or motorman allowed the car to start while the plaintiff occupied such position, which action, in permitting the said plaintiff to remain on the car, resulted in the injury to said plaintiff, then they shall find for the plaintiff; provided the jury shall believe from the evidence that the plaintiff, by reason of his age and want of judgment and discretion, was not guilty of contributory negligence as heretofore defined in these instructions."

"G."

"The jury are further instructed by the court that if they believe from the evidence that the defendant company is liable in this action, then in estimating said damages they should take into consideration the bodily injury, if any, sustained by the plaintiff; the pain and suffering undergone, the effects on the health of the sufferer according to its degree and its probable duration as being temporary or permanent, and the pecuniary loss sustained by the plaintiff through his inability to attend to his business affairs after his arrival at the age of twenty-one years."

"H."

"The court instructs the jury that even if they may believe from the evidence that the plaintiff was guilty of contributory negligence, they are instructed that still the plaintiff would

be entitled to recover against the defendant if they believe from the evidence that the servants and agents of the defendant company in charge of said car did not do all they could to avoid the injury after his danger was known, or might have been known, by the exercise of ordinary care."

Instructions B, C and D are objected to upon the ground that there is no evidence to support them; that they assume that it must be dangerous for a boy of seven to jump off a car in motion; that they assume that the running-board of a street car is a dangerous place for a boy of seven years of age to stand; and further that these instructions would forbid the conductor to order a trespassing boy off of his car when the car was going slowly enough for him to do so with perfect safety to the boy. These objections are not well taken. The evidence was ample to sustain the instructions, and they do not assume that the running-board of a car is a dangerous place for a boy seven years of age to stand, or that it is dangerous for a boy of that age to jump from a moving car. Those questions were submitted to the jury upon the evidence, and they are charged in reaching their conclusion to consider whether the plaintiff exercised such a degree of care and caution as, under the circumstances, might reasonably be expected from one of his age and intelligence. Nor does it appear that these instructions are subject to the objection that they would forbid the conductor to order a trespassing boy off of his car when the car was going slowly enough for him to do so with safety to the boy. Whether the car was going slowly enough to justify the conductor in ordering a child seven years of age to jump off was a question for the jury, and under the instructions given in this case the jury were charged with the duty of determining that question.

Instructions B, C and F are objected to upon the ground that they tell the jury if the employees of the defendant could have known, by the exercise of reasonable care, that the plain-

tiff was on the car in a dangerous situation, &c., thereby, it is
contended, making it the duty of the defendant to keep a look-
out for trespassers.   Ordinarily, it is not the duty of a rail-
road company, operating its trains, to use reasonable care to
discover and avoid injuring persons trespassing upon its tracks.
*Ches. & O. R. Co.* v. *Rogers*, 100 Va. 324, 41 S. E. 732.
Whether or not this rule applies to street railways in a populous
city, where children of tender years are constantly coming in
dangerous proximity to street cars we need not now consider,
for the instructions, under consideration, when applied to the
facts of the case at bar are free from objection.   The employees
of the defendant company knew that the children were on this
car.   The motorman admits that he saw the plaintiff, together
with other children, on the running-boards of the car just before
it started, and that he moved off when the bell was rung with-
out looking back to see if they were off.   The conductor admits
that he saw as many as three boys on the car, and that they
turned some of the seats.   He says that he thought they were
off, but admits that he did not see but two get off.   If, there-
fore, it were improper for these instructions to use the expres-
sion "or could have known, by the exercise of reasonable care,"
it was harmless error, for the employees knew at or about the
the time car started that the children were on the car, and the
conductor ordered them off.

It is further insisted that instruction F is erroneous because
it assumes, without evidence, that the step or running-board
along the side of the car was an unsafe place for a child seven
years of age.   This objection is not well taken.   The evidence
clearly explained to the jury the position of the running-board,
and they were taken out to view the car itself.   The instruc-
tion does not assume that the step or running-board was a dan-
gerous place, but submits that question to the jury.

Instruction E is objected to because it leaves out entirely all
question of the speed at which the car was going.   The evidence

was before the jury as to the rate of speed the car was moving, and they were not restrained by instruction E in the right to determine whether the boy could jump from the car moving at that rate with safety. Instruction E told the jury that if they believed the plaintiff jumped from a moving car in consequence of the defendant's orders while the car was in motion, &c. The instruction was intended to meet the proof as to the threats of the conductor which caused the child to jump from the car, and was not intended to deal with the rate of speed at which the car was going.

The defendant company asked for a number of instructions which were refused, and in lieu thereof the court gave the four following instructions:

"I."

"The jury are instructed that if they believe from the evidence that the plaintiff, at the time of the starting of defendant's car, was on said car not as a passenger or with the consent of the company, or that he remained there after instructed to get off by the conductor, but was there without the knowledge or consent of the company or its employees, in the exercise of reasonable care upon their part, and that the plaintiff jumped from the defendant's car when it reached the pile of sand or dirt because he knew he had no right on said car, or because he had been told by the said conductor to get off the said car before it started, and was thereby injured, he cannot recover in this case."

"J."

"The court instructs the jury that the fact that the plaintiff was injured by a car of the defendant company will not justify a verdict for the plaintiff, unless they further believe from the evidence that the injury was caused by the negligence of the defendant, and this negligence must be established by the preponderance of testimony, and although they may believe that

the defendant's conductor or motorman was negligent in the operation of the defendant's car, they must still find for the defendant, if they believe from the evidence that the plaintiff, by lack of such care and caution as might reasonably be expected of one of his years, understanding and intelligence, was guilty of negligence which contributed to his injury."

## "K."

"The court instructs the jury that if they believe from the evidence that the conductor, before starting the car, saw three boys on the same and told them to get off, and if they further believe that, before starting the car two of these boys did get off, and the conductor exercised reasonable care in looking to see if the boys had gotten off and did not know or see the plaintiff on the car before the accident, the jury must find a verdict for the defendant company."

## "L."

"The court instructs the jury that if they believe from the evidence that before starting the car of the defendant company, the defendant's conductor, in the exercise of reasonable care, believed that in response to his direction so to do, the plaintiff and his companions had gotten off the defendant's car, and the plaintiff either got on again or remained there without the knowledge of the motorman or conductor on the defendant's car, and the plaintiff jumped from the said car and was injured, he cannot recover, and the jury must find for the defendant."

The action of the court in refusing to give instructions 3 and 4 asked for by the defendant company is assigned as error. These instructions deal with the subject of the conductor commanding the plaintiff to jump off the car. Number 3 tells the jury that if they believe the order was given more in the way

of suggestion than peremptory command, and that plaintiff, not being intimidated by the call, voluntarily jumped and was injured, they should find for the defendant.

Number 4 tells the jury that if they believe plaintiff was not alarmed or intimidated by the call of the conductor to get off, and that he jumped on the pile of sand as a boyish prank or freak, and was injured, they must find for the defendant.

The subject of these instructions had been already dealt with and fully covered by instructions "E" and "I," which the court had given. Instruction "E" expressly told the jury that they must believe from the evidence that the conductor ordered the plaintiff off, while the car was moving, in such a threatening manner as to intimidate the plaintiff and thereby cause him to jump; and instruction "I" tells the jury that if the plaintiff, when the car reached the pile of sand, jumped off because he knew he had no right on the car, or because he had been told to get off before the car started, and was thereby injured, he could not recover. There was no occasion to multiply instructions on the subject, and therefore numbers 3 and 4 were properly refused.

The action of the court in refusing instruction number 5 is assigned as error. That instruction tells the jury that if they believe the plaintiff jumped from the defendant's car while it was in motion because he was frightened into doing so by defendant's conductor calling to him to get off, and that he landed on a pile of sand or dirt and was uninjured by jumping on the pile of sand, and that his injury was received by reason of the sand giving way under him, and causing him to slide down under the defendant's car, then they must find for the defendant. This instruction was properly refused. The proposition set forth therein that a conductor may frighten a little child seven years of age into jumping from a moving car, and because, under the impulse of the peril confronting him, he lands in a dangerous place rather than a safe one, there can be

no recovery, is certainly at war with the settled law of this State, whatever view of the subject may be taken elsewhere. This court has held, even in the case of adults, that if "A, through his negligence or fault, puts B in a position of immediate danger, real or apparent, and B, through a sudden impulse of fear, makes a movement to escape the danger, and in so doing accidentally receives another and different injury from that threatened by the negligence of A, he may recover damages of A; for A's negligence or fault is the proximate cause of the injury."

This principle, which, in view of the tender years of the plaintiff, is peculiarly applicable to the present case, has been recognized in the following cases, among others, by this court: *Richmond & D. R. R. Co.* v. *Morris,* 31 Gratt. 200, 210; *Balt. & Ohio R. Co.* v. *McKenzie,* 81 Va. 71, 79; *Norfolk & W. R. Co.* v. *Burge,* 84 Va. 63, 70, 4 S. E. 21; *So. W. Imp. Co.* v. *Smith's Admr.,* 85 Va. 306, 7 S. E. 365, 17 Am. St. Rep. 59; *R. & D. R. R. Co.* v. *Brown,* 89 Va. 749, 753, 17 S. E. 132; *Dingee* v. *Unrue,* 98 Va. 247, 35 S. E. 794; *Richmond Rwy. & Elec. Co.* v. *Hudgins,* 100 Va. 409, 41 S. E. 736.

The refusal of the court to give several other instructions asked for by the defendant is suggested as error in the petition, but not pressed in argument. It is, however, not necessary to further prolong this opinion for the purpose of commenting in detail upon these instructions. They have been carefully considered, and it is sufficient to say that so much of them as was proper had been fully covered by the twelve instructions which the court gave; so that the defendant company suffered no prejudice by the action of the court in refusing to give the instructions which were rejected.

The case was fairly submitted to the jury, and the evidence was sufficient to justify their verdict. This being so, there was no error in overruling the motion to set the verdict aside.

The judgment must therefore be affirmed.

*Affirmed.*