## New Castle Bridge Company *v.* Doty.

[No. 5,586.   Filed January 5, 1906.]

1. TRIAL.—*Negligence.*—*Contributory.*—*Defense.*—The plaintiff in a personal injury case, under the act of 1899 (Acts 1899, p. 58, §359a Burns 1901) has established his case when he has proved defendant's negligence and proximately resultant injuries to himself.   p. 86.

New Castle Bridge Co. *v.* Doty—37 Ind. App. 84.

2. TRIAL.—*Burden of Proof.*—The party who would lose if no evidence were given on a proposition has the burden of proof on such proposition.   p. 86.

3. SAME.—*Affirmative Defenses.—Burden of Proof.*—The law casts upon a defendant who asserts an affirmative defense the burden of proving such defense.   p. 86.

4. SAME.—*Instructions.—Burden of Proof.—Contributory Negligence.*—An instruction that the burden of proving contributory negligence in a personal injury case is on the defendant is correct.   *Indianapolis St. R. Co.* v. *Taylor,* 158 Ind. 274; *Pittsburgh, etc., R. Co.* v. *Lightheiser,* 163 Ind. 247; *Pittsburgh, etc., R. Co.* v. *Collins,* 163 Ind. 569, *contra.*   p. 87.

5. SAME.—*Instructions.—Duty to Request.—Contributory Negligence.—Evidence.*—If defendant desires the jury to be instructed that they may consider plaintiff's evidence on the question of contributory negligence, it is his duty to request such an instruction.   p. 88.

6. APPEAL AND ERROR.—*Erroneous Ruling Precedent.—Transfer.*—Where the Appellate Court deems a ruling precedent erroneous, it will transfer the cause to the Supreme Court.   p. 89.

From Morgan Circuit Court; *Joseph W. Williams,* Judge.

Action by Arthur W. Doty against the New Castle Bridge Company. From a judgment for plaintiff, defendant appeals.   (On transfer, see 168 Ind. ——.)   *Transferred to Supreme Court.*

*E. E. Stevenson* and *O. Matthews,* for appellant.

*Charles F. Remy, John W. Donaker* and *Renner & McNutt,* for appellee.

ROBY, C. J.—Action to recover damages on account of alleged personal injuries. Verdict and judgment for plaintiff. One ground stated in the motion for a new trial is based upon the giving of the following instruction: "(8) I instruct you that as the law now exists in Indiana the plaintiff is not bound to prove that he was free from fault in receiving his injuries. The question of contributory negligence is now a matter of defense, and the burden is cast upon the defendant to prove by a fair preponderance

of the evidence that the plaintiff, Arthur W. Doty, was guilty of some act or acts of negligence that contributed to his injuries, or that he did not use such care or caution as a reasonably prudent person would have done, under the circumstances, before this action can be defeated for contributory negligence alone, if he has otherwise proved his case."

Since February 17, 1899, contributory negligence on the part of the plaintiff is a matter of defense. Acts 1899, p. 58, §359a Burns 1901. That the defense may be made under a general denial, by legislative permission, does not change its affirmative character. The plaintiff makes his case when he proves negligence on the part of the defendant and resulting damage to him. §359a, *supra; Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247, 263.

The issue must be proved by the party who states an affirmative. One test is: which party would prevail if no evidence, or no more evidence, were given? *Meikel* v. *State Sav. Inst.* (1871), 36 Ind. 355, 358; *Lindley* v. *Sullivan* (1893), 133 Ind. 588; Bailey, Onus Probandi, 1. If the plaintiff introduces evidence tending to show negligence by the defendant and resulting damage, he will recover if no more evidence is given, so that the instruction under consideration is logically correct.

The cases are numerous in which the burden of proof has been held to be upon the defendant who relies upon an affirmative defense. The instruction under consideration would be strictly accurate in a case where the defendant was relying upon payment, fraud, failure of consideration, duress, estoppel, illegality, release, tender, etc., as has been many times ruled and never denied by the Indiana Supreme or Appellate Courts. If an exception to this well-defined principle is to be made, where the affirmative defense relied upon consists of a charge of negligence against the plaintiff, there must be some reason for

such exception, and it is not believed that any such reason can be stated or found. The question is not a new one. While the decisions of the courts of sister states and of the United States are not authoritative in the strict sense of the term, they possess great persuasive power, and we would be loath to declare a rule conflicting with that universally laid down by them.

Contributory negligence has always been treated as a defense in the federal courts. The exact question under consideration in this case, when presented to the 4. United States Supreme Court, was disposed of as follows in *Indiana, etc., R. Co.* v. *Horst* (1876), 93 U. S. 291, 23 L. Ed. 898: "The instruction contained two elements: (1) That the burden of proof rested on the defendant. This was correct. *Washington, etc., R. Co.* v. *Gladmon* [1872], 15 Wall. 401, 21 L. Ed. 114. (2) That 'it' meaning contributory negligence, could 'not avail the defendant, unless established by a preponderance of the evidence.' This, also, was correct. The court did not say that if such negligence were established by the plaintiff's evidence, the defendant could have no benefit from it, nor that the fact could only be made effectual by a preponderance of evidence, coming exclusively from the party on whom rested the burden of proof. It is not improbable that the charge was so given by the court from an apprehension that the jury might without it be misled to believe that it was incumbent on the plaintiff to show affirmatively the absence of such negligence on his part, and that if there was no proof, or insufficient proof, on the subject, there was a fatal defect in his case. It was, therefore, eminently proper to say upon whom the burden of proof rested; and this was done without in anywise neutralizing the effect of the testimony the plaintiff had given, if there were any, bearing on the point adversely to him. We think the instruction was properly expressed. If there was any ambiguity unfavorable to the defendant, it was the duty of his counsel

to bring it to the attention of the court, and ask its correction." See *Washington, etc., R. Co.* v. *Harmon* (1892), 147 U. S. 571, 13 Sup. Ct. 557, 37 L. Ed. 284; *Washington, etc., R. Co.* v. *Gladmon, supra; Inland, etc., Coasting Co.* v. *Tolson* (1891), 139 U. S. 551, 11 Sup. Ct. 653, 35 L. Ed. 270; *Watkinds* v. *Southern Pac. R. Co.* (1889), 38 Fed. 711, 4 L. R. A. 239; *Western Union Tel. Co.* v. *Eyser* (1873), 2 Colo. 141, 154; *Sanders* v. *Reister* (1875), 1 Dak. 151, 172, 46 N. W. 680; *Hopkins* v. *Utah, etc., R. Co.* (1887), 2 Idaho 300, 13 Pac. 343; *Baltimore, etc., R. Co.* v. *Whittington* (1878), 30 Gratt. 805; *Norfolk, etc., R. Co.* v. *Burge* (1887), 84 Va. 63, 4 S. E. 21; *Southwest Improvement Co.* v. *Andrew* (1889), 86 Va. 270, 9 S. E. 1015; *Gadonnex* v. *New Orleans R. Co.* (1904), 128 Fed. 805; *Hemingway* v. *Illinois Cent. R. Co.* (1902), 114 Fed. 843, 52 C. C. A. 477; *Chicago, etc., R. Co.* v. *Price* (1899), 97 Fed. 423, 38 C. C. A. 239. The instruction is therefore not only logically correct and in accord with those approved in analogous cases, but it is supported by the decisions of the courts of those jurisdictions in which the plaintiff is not required to negative contributory negligence as part of his case.

It seems scarcely necessary to say that an instruction stating who has the burden of proof has nothing to do with the character of evidence necessary to discharge
5.  such burden. That is an entirely different matter. If the defendant wishes the jury to be told that it should consider circumstantial, as well as direct, evidence bearing upon the issue, he may ask an instruction to that effect, but can not be heard to allege error in the instruction relating to the burden of proof, because it was not qualified by a reference to circumstantial evidence. If a jury need to be told that it should consider all the evidence upon a given proposition, whether introduced by one party or the other, an instruction to that effect may be asked, but the instruction as to the burden of proof can not be held

bad for failure to include in it a reference to this irrelevant proposition. To say that a party has the burden of proof is exactly the same as saying that the duty of proving the facts in dispute rests upon him. 1 Bouvier's Law Dict., title, Burden of Proof; *Ex parte Walls* (1878), 64 Ind. 461, 472. If the burden of proof to establish contributory negligence rests upon any one, it rests upon the defendant; and, so resting, the instruction under consideration was technically accurate. Appellant cites and relies upon the following cases: *Indianapolis St. R. Co.* v. *Taylor* (1902), 158 Ind. 274; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247; *Pittsburgh, etc., R. Co.* v. *Collins* (1904), 163 Ind. 569. What was said on the subject under consideration in the case of *Indianapolis St. R. Co.* v. *Taylor, supra,* was extrajudicial, not made the basis of the decision, and evidently not carefully considered by the court. The case of *Pittsburgh, etc., R. Co.* v. *Lightheiser, supra,* followed the dictum of the case of *Indianapolis St. R. Co.* v. *Taylor, supra;* and the case of *Pittsburgh, etc., R. Co.* v. *Collins, supra,* followed the Lightheiser case.

The instruction in this case might be held harmless as was done in *Indianapolis, etc., Transit Co.* v. *Haines* (1904), 33 Ind. App. 63, but it ought not to be necessary to declare a good instruction harmless in order to avoid reversing a judgment because of such instruction having been given, and the time to correct an inadvertence is before it has been so long acquiesced in as to become *stare decisis.*

The cause is therefore transferred to the Supreme Court, with a recommendation that the cases last cited, so far as they may be construed as not in accordance with the principle heretofore stated, should be overruled.

Wiley, Myers and Robinson, JJ., concur. Black, P. J., and Comstock, J., absent.