# Richmond

LORENE CARLTON, AN INFANT, ETC. V. J. J. MARTIN, EVA T. MARTIN, AND DOUGLAS DODSON.

March 16, 1933.

Present, All the Justices.

The opinion states the case.

*Hutcheson & Hutcheson,* for the plaintiff in error.

*Irby Turnbull,* for the defendants in error.

GREGORY, J., delivered the opinion of the court.

Lorene Carlton, an infant, instituted this action, by her next friend, to recover damages for injuries received by her, growing out of a collision with an automobile which was being operated by J. J. Martin and Douglas Dodson. The case was tried by a jury and a verdict was returned in her favor for $500.00 against all of the defendants. The court upon the motion of the defendants set the verdict aside and entered final judgment in their favor. The grounds of the motion of the defendants to set aside the verdict were that it was contrary to the law and the evidence; that there was no evidence to support it; that the defendants were not guilty of any actionable negligence; that the plaintiff was guilty of contributory negligence; that the instructions were improper; that the court erred in not permitting Mrs. Eva T. Martin to file an affidavit, under the statute, denying that she was operating the automobile; and that the evidence failed to connect her with the injury in any way. The court in sustaining the motion of the defendants did not indicate which of the various grounds prompted its action in setting aside the verdict.

The facts, from the standpoint of the plaintiff in error, are that she was seven years of age and a passenger on a

school bus returning to her home after a day in school; that the bus was stopped, facing the west, on a hard surface road, the width of the hard surface being sixteen feet; that at the point where the bus was parked, a county road intersected, at right angles, the hard surface road; that the bus was parked with its right wheels on the right edge of the hard surface or just off of the hard surface on that side, resting on the dirt shoulder of the road; that the plaintiff in error left the bus, after it had been stopped, went around the rear of it and into the highway, and about three feet from the part of the highway upon which the bus was parked the automobile driven by Douglas Dodson, and in which were J. J. Martin and Frank Goode, struck and injured her. At the time that the plaintiff in error alighted from the bus several other children were alighting. The bus was plainly marked a "School Bus" and was still standing parked on the highway when the plaintiff in error was struck. The automobile was traveling easterly, fifteen or twenty miles per hour and the plaintiff in error did not look before attempting to cross the road. She was running. One witness said that it was just a "split" second from the time she cleared the rear of the bus until she was struck. The automobile was being driven, when passing the bus, about three feet from it. The point on the automobile where the impact occurred was between the headlight and fender on the left side.

The negligence charged against the defendants in the notice was that they did negligently and recklessly operate their automobile and as a result the plaintiff was injured. In the bill of particulars filed, twelve grounds of negligence were specified. It is unnecessary to set them out in detail. The grounds specified are broad enough to embrace any negligence the defendants might have been guilty of under the evidence.

Upon the trial, J. J. Martin, one of the defendants, testified that he was the owner of the automobile; that he was not acting as agent for his co-defendant, Mrs. Eva T. Mar-

tin; that she had no control over, or any interest in its operation and that she was not riding in it at the time. The court excluded this evidence upon the ground that inasmuch as Mrs. Martin had failed to file an affidavit under the statute (Code, section 6126), denying that the automobile was owned, operated or controlled by her, this testimony was inadmissible. The action of the court in this regard is assigned as cross-error.

During the progress of the trial, an affidavit was offered, in which it was denied that Mrs. Martin owned, controlled or operated the automobile, but the court refused to permit it to be filed at that stage of the case. This is made the basis of another assignment of cross-error. Another cross-error is assigned to the amendment of the defendant's instruction C. These cross-assignments will be referred to later.

Whether the ruling of the court in setting aside the verdict of the jury was correct, necessitates an examination of the evidence to ascertain if it supports the verdict. The evidence discloses the facts which have been stated. They are the material facts and in the opinion of the court, they are sufficient to sustain the verdict.

It has been earnestly argued that the defendants were lawfully operating the automobile and that they were guilty of no negligence which proximately caused or contributed to the injury of the plaintiff in error. The jury reasonably could have concluded that the defendants in passing the bus, negligently drove their automobile too close to it. The evidence shows that they passed within three feet of it. The jury had the right to conclude, under the circumstances, that this was negligence proximately contributing to the injury.

It has been argued that the plaintiff in error was guilty of contributory negligence as a matter of law in running across the road without looking. She was seven years of age. Evidence of her capacity for contributory negligence was introduced. She appears to have been a child

of little more than the average intelligence for one of her age. Can we, as a matter of law, hold that she had the capacity for contributory negligence? The trial court submitted the question to the jury. Of course there was a presumption that she was not capable of contributory negligence, and the burden was upon the defendants to prove by a preponderance of the evidence that she had sufficient capacity. The general rule is that capacity of an infant to be guilty of contributory negligence is a jury question. There appears to be no valid reason for taking that question in this case out of the general rule.

The law recognizes that children of tender years do not possess that judgment and discretion usually exercised by adults, and whether under a particular state of facts they are capable of understanding and appreciating dangers with which they are surrounded depends, not only upon the age, general intelligence, maturity, and experience of the child, but also upon the nature of the perils to be encountered. The measure of duty in each case is determinable by the capacity ordinarily possessed and exercised by children of the age and development of the class to which the individual belongs. These general principles of the law are supported by numerous Virginia cases, among which are: *Williams* v. *Lynchburg Tract., etc., Co.,* 142 Va. 425, 128 S. E. 732; *N. & W. Ry. Co.* v. *Overton's Adm'r,* 111 Va. 716, 69 S. E. 1060; *Richmond Traction Co.* v. *Wilkinson,* 101 Va. 394, 43 S. E. 622; *Lassiter & Co.* v. *Grimstead,* 146 Va. 773, 132 S. E. 709; *Blankenship* v. *C. & O. R. Co.,* 94 Va. 449, 27 S. E. 20.

The plaintiff's capacity to be guilty of contributory negligence was properly submitted to the jury.

Code, section 2145 (14) a provides in substance that all motor vehicles, when about to pass any vehicle transporting school children, while it is not in motion, or it is either taking on or putting off any child or children, shall, if traveling faster than fifteen miles an hour, reduce its speed to fifteen miles an hour, or less, when within fifty feet of

such vehicle, and not exceed that rate of speed until it is by such vehicle and fifty feet distant therefrom, when such vehicle so transporting school children is plainly marked in front and rear, so as to designate it as a vehicle for the transportation of school children.

This section discloses an intent on the part of the General Assembly to provide a safe place for school children in and around standing school busses and to require increased vigilance of automobile drivers while passing a bus discharging or taking on school children. If the statute which expresses that legislative policy is to be given any effect at all, it means that school children, while being discharged from or boarding a standing school bus in the highway, have a priority over drivers of automobiles. We do not mean that the driver of an automobile in passing a standing school bus, is an insurer, but we do mean that he must exercise that degree of care which the situation and circumstances demand in order to prevent injury to the children.

A school bus, while discharging or taking on school children, is a warning of danger to automobile drivers. They are afforded, by its very presence, knowledge that small children may run across the road in front of their approaching automobiles and they must operate their automobiles, with a degree of care commensurate with the danger to be encountered. The danger of injuring a child under such circumstances is increased and the care to be exercised by drivers of automobiles in preventing an injury likewise is increased. These familiar general principles have been recognized by this court and the courts of many of the States.

What has been stated regarding the sufficiency of the evidence, applies only to the defendants, J. J. Martin and Douglas Dodson. It has no application whatever to Mrs. Eva T. Martin. At this point the cross-assignments of error must be considered.

Code, section 6126, is as follows: "Where a bill,

declaration, or other pleading alleges that any person or corporation, at a stated time, owned, operated, or controlled any property or instrumentality, no proof of the fact alleged shall be required unless an affidavit be filed with the pleading putting it in issue, denying specifically and with particularity that such property or instrumentality was, at the time alleged, so owned, operated or controlled."

It is at once apparent that for the statute to apply, the "bill, declaration or other pleading" must allege that the "property or instrumentality" was "owned, operated, or controlled" by "any person or corporation." If the bill, declaration or other pleading contains no such allegation, no affidavit denying ownership, operation or control is necessary or required.

The notice filed in the present case contained no specific allegation that Mrs. Eva T. Martin owned, operated or controlled the automobile involved here and consequently it was entirely proper for her counsel to introduce evidence showing that she did not own, operate or control the said automobile. The statute required no affidavit in this case. The court erroneously excluded this line of testimony which has been previously referred to.

Counsel for Mrs. Martin has this to say regarding the statute: "The purpose of the legislature should not be ignored. That purpose was to make it unnecessary to prove ownership or agency where ownership or agency is alleged, unless an affidavit is filed putting the matter in issue. The statute is a wise one, but it may not be invoked unless proper allegations are made. It was not the purpose of the statute to catch the unwary, but to obviate the necessity of proving matter which rests peculiarly in the possession of the defendants." Counsel's observation, in our judgment, clearly expresses the correct view.

The uncontradicted evidence clearly shows that Mrs. Martin was not the owner or operator of the automobile. It shows that she had no control of it and that the operators of it were not her agents and it also shows

that she was not riding in it at the time. It would be a manifest injustice to require her to respond in damages for the injury here involved, when every fact in the case shows conclusively that she was, in no sense, liable or responsible for it. It is inconceivable that the legislature through the statutory enactment intended that such a result would follow. It was never intended that the statute in question should have any application to such facts as appear in this case in relation to Mrs. Martin. Under the facts and circumstances here no liability could rest upon her for the injuries to the plaintiff in error. This view of the case eliminates the necessity of any discussion of cross-assignment of error number two.

What has been previously stated relating to the care required of automobile drivers when passing a standing school bus applies to the objection of the defendants in error to the action of the court in giving any instructions on behalf of the plaintiff in error and to amending instruction C offered on behalf of the defendants in error. There is no reversible error in any of the instructions.

The judgment of the trial court is reversed and the verdict of the jury is reinstated as to the defendants in error, J. J. Martin and Douglas Dodson, and final judgment is now entered against them upon the verdict in favor of the plaintiff in error. Final judgment will also be entered in favor of the defendant in error, Mrs. Eva T. Martin.

*Reversed.*

EPES, J., dissenting:

I find no error in the judgment of the trial court. I am of opinion that the only act of negligence which the evidence even tends to show is that the driver of the Martin car may have been running in excess of fifteen miles an hour, and between fifteen and twenty miles an hour. But assuming that the speed of the Martin car was as much as twenty miles an hour, the evidence, I think, shows that

the fact that the automobile was running from fifteen to twenty miles an hour instead of from ten to fifteen miles an hour had nothing to do with causing this accident. The accident would as surely have happened if the automobile had been running ten miles an hour as if it was running twenty miles an hour. The speed of the automobile was merely a condition, and not a cause of the accident.