Statement.

98   247
100  310

98   247
101  405

98   247
f108 809

# Richmond.

## DINGEE, WEINMAN & Co. v. UNRUE'S ADM'X.

### MARCH 29, 1900.

1. PLEADING—*Declaration—Negligence—How Charged.*—If the manner in which alleged acts of negligence caused an injury are set out in the declaration with sufficient fullness and clearness to enable the defendant to understand the case made, and to know what he is to meet, that is all that is required.

2. PLEADING—*Allegation and Proof—Negligence—Incompetent Servant.*— Where a declaration avers that one of the acts of negligence of defendant contributing to the injury of the plaintiff was the employment and retention in service of an incompetent foreman, evidence of such incompetency is admissible.

3. INSTRUCTIONS—*Evidence to Support.*—If there is any evidence tending to prove the facts upon which an instruction is based, and the instruction correctly states the law applicable to such facts, it should be given.

4. INSTRUCTIONS—*Misleading Expressions—Explanations.*—Although a single sentence in an instruction may be misleading, the instruction will not be thereby vitiated if followed by other language intended to explain, and which does fully and clearly show what was meant.

5. INSTRUCTIONS—*"Plaintiff's Case"—Case at Bar.*—An instruction that the plaintiff "must prove her case to the satisfaction of the jury" means the case made by the pleading. No evidence of any other case would be admissible, and, in the case at bar, none was received.

6. APPEAL AND ERROR—*Setting Aside Verdict—Evidence to Sustain Verdict.*—Where a case has been properly submitted to a jury, this court cannot disturb the verdict, as contrary to the evidence, unless the evidence is plainly insufficient to sustain it.

Error to a judgment of the Circuit Court of the city of Lynchburg, rendered April 21, 1899, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiffs in error were the defendants.

*Affirmed.*

The opinion states the case.

*Harrison & Long*, for the plaintiffs in error.

*Lee & Howard*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This action was brought by the administratrix of John W. Unrue, deceased, to recover damages from R. S. Terry and M. H. Dingee, partners trading under the firm name of Dingee, Weinman & Co., for causing the death of the plaintiff's intestate whilst working as a common laborer in a barytes mine of the defendants. Upon the trial of the cause, there was a verdict and judgment in favor of the plaintiff. To that judgment this writ of error was awarded.

The first error assigned is that the Circuit Court erred in overruling the demurrer to the fourth count in the declaration.

The objection to it is that it does not show the connection between the accident and the alleged acts of negligence.

It is averred in the count that the deceased was employed as a common laborer in the mine of the defendants; that his duty was to handle barytes, mud and dirt, and to haul the same from the drift from which it was being dug or taken to another place in the mine; that the deceased was seventeen years of age, and so deficient in mental capacity that he was not capable of grasping, understanding, or appreciating dangers which would have been open and obvious to others of his age of ordinary capacity; that this fact was known to the defendants; that, by reason of his mental incapacity and his relation to the defendants, it was their duty to exercise all reasonable care to provide and maintain a reasonably safe place in which, and reasonably safe instrumentalities with which, the deceased was to perform his duties in the mine, and to provide generally for his safety; to properly inspect the walls and roof of the mine, and the stays

and supports thereof, and to maintain the same in a reasonably safe condition for their mining operations, and to exercise reasonable care in selecting the colaborers of the deceased, and those who had authority over him, and who were in the management, control and direction of the work in the mine, so that they should be at least ordinarily competent and skilful in and for the duty required of them respectively; that the defendant negligently caused and permitted the walls and roof of the mine, and the stays and supports thereof to become weak and rotten, and insufficiently supported, and thereby rendered it extremely dangerous for the deceased to perform the work required of him; that they negligently employed one James Davey, Jr., as foreman, and placed him in authority over the deceased, and in control and management of the mine, and that the said foreman was incompetent and unskilful in and for the performance of the duty required of him, of which the defendants had, or could have had, notice by the exercise of ordinary care.

It is averred "that by reason of the aforesaid acts of negligence, failure and default of the defendants in causing and permitting the walls and roof of the said mine and stays and supports thereof to become and remain weak, defective, rotten, insufficient and dangerous as aforesaid, and by reason of the carelessness, negligence, and default of the said James Davey, Jr., in consequence of his lack of ordinary competency, prudence and skill as aforesaid in continuing the work in the said mine after he knew, or by the exercise of ordinary care might have known, that the same had become dangerous, a large quantity of water, mud, and filth was suddenly let into and upon the said portion of the mine in which the said John W. Unrue was then and there engaged in the diligent and faithful performance of his duty, as aforesaid, and upon said Unrue, by means whereof the said John W. Unrue was then and there overwhelmed, suffocated, drowned and killed."

Whilst it would have been better pleading, perhaps, to have

set out more fully the manner in which the alleged acts of negli-
gence caused the injury complained of, still we are of opinion
that their connection is averred with sufficient fullness and
clearness to enable the defendants to understand the case made
in that count, and to know what they had to meet, and under
our practice that is all that is required. *Mutual Life Ins. Co.* v.
*Oliver*, 95 Va. 445; *Burckhead* v. *C. & O. R. Co.*, 95 Va. 648,
and cases cited.

The action of the court in refusing to exclude the evidence
relating to the alleged incompetency of the foreman in charge of
the defendants' work at the time of the accident, upon the
ground that there was no allegation in the declaration connect-
ing the injury complained of with his alleged incompetency, is
assigned as error.

One of the acts of negligence contributing to and causing the
injury complained of, as is averred in the fourth count of the
declaration, was the defendants employing and placing an in-
competent foreman in charge of the work in which the deceased
was engaged. The averments of that count being sufficient, if
proved, to entitle the plaintiff to recover, as we have held they
were in disposing of the first assignment of error, it follows
that the plaintiff had the right to introduce evidence to prove
the incompetency of the foreman as well as the other acts of
negligence averred.

Eight instructions were asked by the plaintiff and seven
by the defendants, all of which were given with or without
modification, except the defendants' sixth, in lieu of which the
court gave an instruction of its own.

The objection urged to the second, fourth and fifth instruc-
tions, and in part to instruction numbered six, is that they
either do not relate to any issue made by the pleadings, or are
not supported by the evidence.

The questions or points to which the instructions named
related were pertinent to the issues raised by the pleadings, and

there was some evidence tending to prove the facts upon which·
the instructions were based. This being so, those instructions
were properly given, for it is well settled under our practice
that if there be any evidence tending to prove the facts upon
which an instruction is based, and it correctly states the law
applicable to such a state of facts, the instruction should be
given. *Reusens* v. *Lawson,* 96 Va. 285, and cases there cited.

Instruction No. 6 is objected to upon the further ground that
it erroneously stated the law applicable to the facts upon which
it is based.

The instruction was as follows:

" The court instructs the jury that if they believe from the
evidence that John W. Unrue, while in the discharge of his
duty in defendants' mine, and without contributory negligence
on his part, was placed in a position of sudden and imminent
peril, by the negligence of the defendants, which resulted in his
death, it is their duty to find for the plaintiff, although they
may further believe that when suddenly confronted with said
peril, and acting under the influence thereof, the said Unrue
failed to avail himself of any means of escape open to him. In
other words, an employer who negligently places an employee
in sudden and imminent peril cannot excuse himself from
liability upon the ground that the employee, when in such
sudden and imminent peril, lost his presence of mind, and failed
to use ordinary care and caution to escape. But if the jury
shall believe from the evidence that said John W. Unrue, before
he was confronted with, and came under the influence of, immi-
nent peril which resulted in his death, had been ordered by
Jim Moorman and John Grossman, or either of them, to roll
his wheel out of the drift in time to have escaped the impending
danger, and that if he had obeyed said orders, or order, with
reasonable promptitude, the accident would not have occurred,
but that instead of doing so he negligently remained in the drift

at the point of accident, until he was overwhelmed by the falling
earth and water and killed, this conduct would constitute such
contributory negligence on his part as would bar a recovery in
this action."

If the first sentence of the instruction stood alone, there might
be ground for the criticism made upon it, but when it is read
in connection with the residue of the instruction, which was
intended to explain, and does explain fully and clearly what was
meant, there is no valid objection to the instruction.

Instructions numbered one and four offered by the defendants
were modified by the court and given as instructions nine and
twelve. This action of the court is assigned as error.

The instructions as offered by the defendants purported to
define the duties which the defendants owed to the deceased as
their servant, yet they omitted to state that one of those duties
was the exercise of ordinary care in selecting the foreman under
whose authority and direction the deceased was working. This
defect was corrected by the court, and the instruction given as
thus modified. This was clearly proper, as negligence in the
selection of the foreman was charged in the declaration, and
evidence introduced tending to establish that fact.

The defendants' Instruction No. 6 was in these words:

" The court instructs the jury that in order to recover in this
suit the plaintiff must prove her case as stated in the declaration
or in some count thereof, and the burden is upon her to prove
by a preponderance of evidence, and to the satisfaction of the
jury, every fact essential to establish the case."

In lieu of that instruction the court gave its own instruction,
which is as follows:

" The court further instructs the jury that the burden of
proof in this case rests upon the plaintiff; and in order to be

entitled to recover, the evidence must predominate in her favor, and she must prove her case to the satisfaction of the jury. But the burden of proving contributory negligence on the part of John Unrue rests upon the defendant company, and must be proved by them by a preponderance of evidence, and to the satisfaction of the jury."

This is assigned as error. The objection urged to the substituted instruction is that it failed to inform the jury that the sufficiency of the evidence to prove the plaintiff's case must be determined by the pleadings. No evidence was admissible, and so far as we can see none was admitted, except what was relevant to some issue raised by the pleadings. No exception was taken to any evidence offered, so far as the record shows, except that referred to in the second assignment of error, and that evidence, as we have held in disposing of that assignment of error, was properly admitted. The court in its instruction told the jury that the burden of proof was upon the plaintiff to prove her case to their satisfaction. What case? That made by the pleadings, of course; and since no evidence was admitted except that which was relevant to the issues made by the pleadings, we cannot perceive how the defendants could have been injured by the substituted instruction.

Without discussing specially the other objections urged to the action of the court in giving and refusing instructions, it is sufficient to say that we see no error in them to the prejudice of the defendants. The case seems to us to have been submitted to the jury upon instructions which not only state the law correctly, but do so with unusual clearness and fullness.

The refusal of the court to set aside the verdict and grant a new trial is assigned as error.

The case having been properly submitted to the jury their verdict cannot be disturbed, unless the evidence is plainly insuffi-

cient to sustain it. *Kimball & Fink* v. *Friend*, 95 Va. 125; *Southern R. Co.* v. *Bryant*, 95 Va. 212.

There is evidence tending to show that the deceased was between sixteen and nineteen years of age at the time of his death; that he was of weak mind; that he would go to sleep when on duty in dangerous places, and had what some of the witnesses denominated "the sleepy disease"; had to be watched to protect him from injury when in dangerous places; that his mental incapacity was known to the defendants; that he was placed at work in a dangerous drift under the authority and control of a foreman who was only seventeen or eighteen years of age, and was not competent (of which the defendants had notice) to have charge of the dangerous work of cleaning out a drift into which large quantities of mud, water and barytes had been precipitated a day or two before; that the defendants had notice of the dangerous condition of the mine; and that whilst the deceased was working in the dangerous drift referred to, there was a new fall and rushing in of water and mud which caused his death.

The evidence of the defendants tends to show that the deceased was not mentally weak; that he had been working for the defendants in various capacities for more than two years; that he was an experienced and capable servant; that although the foreman in charge was young, he was an experienced and competent man for the work; that whilst the place in which the deceased was working was dangerous, it was so from the character of the work, and not so by reason of the negligence on the part of the defendants; that the deceased knew its dangerous condition, but made no effort to escape when told to do so, although the other servants working with him in equally or more dangerous positions did escape without injury.

We shall not attempt to state the details of the evidence, which covers more than one hundred pages of the printed record, but have merely called attention to what it tended to

prove as to material questions on either side, to show how conflicting it was. The questions involved were those of negligence and contributory negligence. They are questions peculiarly within the province of the jury and especially where the evidence is conflicting. The jury saw and heard the witnesses. They found for the plaintiff. The learned circuit judge who presided at the trial refused to disturb their finding. Neither can we, since we cannot say that the evidence is clearly insufficient to support it.

The judgment must be affirmed.

*Affirmed.*