# Richmond.

## SEAL v. VIRGINIA PORTLAND CEMENT CO.

### November 19, 1908.

1. PLEADING—*Declaration—Counts—Repugnance in Same Count.*—Inconsistency or repugnancy in the same count of a declaration will render the count bad, but each count of a declaration is a separate declaration, and the plaintiff has the right to present his case with such variation of statement in the different counts as he thinks necessary to meet every possible phase of the testimony. This is the object of inserting several counts so that if the plaintiff fails in the proof of one count he may succeed in another, and thereby prevent a fatal variance.

2. PLEADING—*Declaration—Sufficiency.*—A declaration is sufficient if it informs the defendant of the nature of the demand against him, and states such facts as will enable the court to say that, if the facts are proved as alleged, they establish a good cause of action.

3. PLEADING—*Demurrer to Whole Declaration—Some Good Counts.*—A demurrer to a declaration as a whole should not be sustained simply because one of three counts is bad.

4. PLEADING—*Declaration Charging Negligence—Sufficiency.*—Although a declaration charging the defendant with a negligent injury inflicted on the plaintiff does not state, in so many words, that the injury was due to the negligence of the defendant, it is nevertheless sufficient if the manner in which the alleged negligent acts caused the injury are set out with sufficient fullness and clearness to enable the defendant to understand the case made, and to know what he is to meet.

Error to a judgment of the Circuit Court of Augusta county in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Timberlake & Nelson* and *Chas. & Duncan Curry,* for the plaintiff in error.

*Patrick & Gordon,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

In this case the plaintiff has set forth his cause of action in a declaration containing three counts. The defendant company demurred to the declaration and to each count thereof, and the circuit court sustained the demurrer, upon the ground that the second count was repugnant to the first and third counts, and dismissed the case.

This was manifest error. The alleged repugnancy consisted in the statement in the first and third counts, that the defendant, after its attention was called to the danger, promised to remedy it; and the statement in the second count, that it assured the plaintiff that there was no danger and directed him to continue the work. Had these two allegations appeared in one and the same count, as occurring at one time, they would have been inconsistent and repugnant. Each count, however, is a separate declaration, and the plaintiff has the right to present his case with such variation of statement as he thinks necessary to meet every possible phase of the testimony. This is one of the objects and purposes of adding several counts, so that if the plaintiff fails in the proof of one count he may succeed in another, and thereby prevent a fatal variance. *B. & O. R. Co.* v. *Whittington's Adm'r,* 30 Gratt. 805, 811; *New River M. Co.* v. *Painter,* 100 Va. 507, 510, 42 S. E. 300; Barton's Law Pr., vol. 1, p. 300.

It is the universal practice in this State, in tort cases, for the plaintiff to present his case in different counts, varying his statements in each count to meet the different phases of the testimony at the trial; and the action of the circuit court in sustaining the demurrer to the declaration, upon the ground

of repugnancy between the counts, was contrary to this general practice and to the decisions of this court.

The contention that the plaintiff has not stated his cause of action with sufficient particularity cannot be sustained. The declaration, and each count thereof, shows the relation between the plaintiff and the defendant, the duty of the defendant to the plaintiff, the failure of the defendant to discharge that duty, and the resulting injury to the plaintiff. The declaration clearly informs the defendant of the nature of the demand against it, and states such facts as would enable the court to say, if the facts were proven, as alleged, that they established a good cause of action. Under such circumstances, the cause of action is stated with sufficient particularity. *Hortenstein* v. *Va.-Carolina Ry. Co.*, 102 Va. 914, 47 S. E. 996; *Wheel Co.* v. *Harris*, 103 Va. 712, 49 S. E. 991; *Lane Bros.* v. *Seakford*, 106 Va. 93, 55 S. E. 556; *Lynchburg Traction Co.* v. *Guill*, 107 Va. 86, 57 S. E. 644, 1 Va. App. 322.

The contention that the allegations of duty are so blended in the declaration as to make it bad on demurrer, is without merit, and need not be discussed.

It is further insisted by the defendant in error, that, on the case stated in the declaration, the plaintiff assumed the risk incident to the work, and therefore cannot recover.

The only suggestion in support of this contention, necessary to be noticed, is that the first and third counts each allege that the accident occurred after a reasonable time had elapsed for changing the alleged dangerous method of doing the work. The first count is not amenable to this objection. The third count does say that the accident occurred after the defendant had had a reasonable time to make the change in question. The contention is that as soon as the period contemplated for the removal of the dangerous condition has terminated, the servant's position is precisely what it would have been if no promise to remedy the dangerous method had been given; in other words, that the plaintiff re-assumed the risk. Conceding this

to be true, and that the third count was defective in the particular pointed out, it was not ground for sustaining the demurrer to the whole declaration and dismissing the action. The plaintiff should have been afforded an opportunity to amend the third count, if so advised, otherwise to proceed to trial upon the first and second counts.

Finally, it is insisted that the declaration does not attribute the injury to the defendant's negligence.

It is true that the declaration does not state, in so many words, that the injury was due to the negligence of the defendant, but the manner in which the alleged acts of negligence caused the injury are set out with sufficient fullness and clearness to enable the defendant to understand the case made, and to know what he is to meet. This is all that is required. *Dingee* v. *Unrue,* 98 Va. 247, 35 S. E. 794.

For these reasons, the judgment complained of must be reversed and the case remanded to the circuit court, with leave to the plaintiff to amend the third count of his declaration, and for further proceedings.

*Reversed.*