The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

William McKinley MATTHEWS,
Defendant-Appellant.

No. 84CA0170.

Colorado Court of Appeals,
Div. I.

Oct. 3, 1985.

Rehearing Denied Nov. 21, 1985.

Certiorari Denied April 21, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric Perryman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Peggy O'Leary, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

The defendant, William Matthews, appeals from a judgment of conviction of attempted first degree arson. He contends that the trial court erred in precluding him from introducing psychiatric testimony concerning his mental condition, alcohol idiosyncratic intoxication, which he offered to negate the culpable mental state for the crime charged. We affirm.

During an in camera hearing on the prosecutor's motion to exclude psychiatric testimony of the defendant's mental condition, the defendant's expert witness, a psychiatrist, testified that, in his opinion, the defendant suffered from alcohol idiosyncratic intoxication. This disorder, he said, causes an individual who has ingested alcohol to behave in a manner inconsistent with his usual pattern of conduct, sometimes exhibiting aggressive or over-assertive behavior. The person has no memory of the event and is usually out of contact with people who are nearby. The expert further testified that a person suffering from this condition is incapable of forming the culpable mental state that is required for attempted first degree arson.

At trial, it was uncontroverted that the defendant was intoxicated at the time of the commission of the offense. He conceded that he had voluntarily ingested the alcohol and acknowledged that the defense of impaired mental condition as defined in § 16–8–102, C.R.S. (1984 Cum.Supp.) is unavailable to him under these facts. Nevertheless, he argues here, as he did in the trial court, that alcohol idiosyncratic intoxication is a rare condition which does not constitute voluntary or self-induced intoxication and may, therefore, be used to negate the *mens rea* of a general intent crime. The trial court properly rejected the expert testimony.

Attempted first degree arson requires the *mens rea* of "knowingly," §§ 18–2–101(1) and 18–4–102(1), C.R.S. (1978 Repl. Vol. 8), and such offenses are general intent crimes. Section 18–1–501(5) and (6), C.R.S. (1978 Repl.Vol. 8); *see People v. District Court*, 652 P.2d 582 (Colo.1982). Voluntary intoxication is not an affirmative defense to general intent crimes, § 18–1–804(1), C.R.S. (1978 Repl.Vol. 8); *People v. DelGuidice*, 199 Colo. 41, 606 P.2d 840 (1979), and is, therefore, not a defense to attempted first degree arson.

The defendant argues, however, that the extraordinary and bizarre consequences to him resulting from the ingestion of alcohol renders its consumption involuntary. We disagree.

The fact that the result of the ingestion of alcohol may be more severe in one person that in another because of an idiosyncratic pathology does not make the ingestion involuntary. Self-induced intoxication "refers to a disturbance of mental or physical capacities caused by substances *knowingly* introduced into the body, which the defendant *knows* or *ought to know* have the tendency to cause the resulting disturbance." *Hendershott v. People*, 653 P.2d 385 (Colo.1982) (emphasis in original). Pathological intoxication is nonetheless voluntary, and does not constitute a defense to a general intent crime.

Judgment affirmed.

PIERCE and BABCOCK, JJ., concur.