# Richard Dempsey Wright

## v.

# Commonwealth of Virginia

Record No. 870045

January 15, 1988

Present: All the Justices

*Sterling H. Weaver, Sr.* for appellant.

*M. Katharine Spong, Assistant Attorney General (Mary Sue Terry, Attorney General*, on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

The sole question in this appeal is whether the trial court erred in refusing an instruction proffered by the defendant concerning the effect of voluntary intoxication on first-degree murder charges.

A jury convicted Richard Dempsey Wright of two counts of first-degree murder and fixed his punishment at life imprisonment for each conviction. The jury also convicted Wright of two counts of using a firearm in a threatening manner while committing the murders and fixed his punishment at two years in the penitentiary for each offense.[1] The Circuit Court of the City of Portsmouth sentenced Wright in accordance with the jury's verdicts. By order entered December 11, 1986, the Court of Appeals affirmed the convictions, and we granted an appeal from that order.

On August 10, 1984, Milton Cook and Sandra Smith were shot and killed while sitting on the porch of a house in the City of Portsmouth. Herbert Johnson, Jr., was wounded as he attempted to flee the crime scene. Wright was identified as the person who fired the shots.

Wright, who was in poor health, had consumed medication and a large quantity of alcohol on the day of the shootings. He testified that he did not remember being at the house where the shootings occurred or "do[ing] anything" to Cook, Smith, or Johnson. The trial court determined that the evidence entitled Wright to a jury instruction concerning the effect of voluntary intoxication on a first-degree murder charge.[2] Accordingly, Wright proffered Instruction 19A, which reads as follows:

---

[1] Wright was also convicted of malicious wounding, for which he received a prison sentence of five years, and of using a firearm in a threatening manner while committing malicious wounding, for which he received a two-year prison sentence. These convictions, however, are unaffected by the issue in this appeal.

[2] The sufficiency of the evidence to support an instruction on this subject is not an issue on appeal.

> Voluntary intoxication is a defense to first degree murder. If you find that the defendant was so greatly intoxicated by the voluntary use of alcohol that he was incapable of forming the specific intent necessary to deliberate and premeditate, which are elements of the crime of first degree murder, you may not find him guilty of any offense greater than second degree murder.

The trial court, however, refused to give this instruction. The Court of Appeals concluded that the trial court properly refused Instruction 19A because the first sentence of the instruction "is an incorrect statement of law."

■ Generally, voluntary intoxication is not an excuse for any crime. *Boswell's Case*, 61 Va. (20 Gratt.) 860, 870 (1871). The only exception to this general rule is in cases involving deliberate and premeditated murder. *Gills* v. *Commonwealth*, 141 Va. 445, 450, 126 S.E. 51, 53 (1925). Mere intoxication will not negate premeditation. However, when a person voluntarily becomes so intoxicated that he is incapable of deliberation or premeditation, he cannot commit a class of murder that requires proof of a deliberate and premeditated killing. *Fitzgerald* v. *Commonwealth*, 223 Va. 615, 631, 292 S.E.2d 798, 807 (1982), *cert. denied*, 459 U.S. 1228 (1983); *Giarratano* v. *Commonwealth*, 220 Va. 1064, 1073, 266 S.E.2d 94, 99 (1980); *Johnson* v. *Commonwealth*, 135 Va. 524, 530-31, 115 S.E. 673, 675-76 (1923).

■ The first sentence of Instruction 19A states that "[v]oluntary intoxication is a defense to first degree murder." Under the law in the Commonwealth, that statement, standing alone, is incomplete and misleading. When the remainder of the instruction is read, however, the law relating to murder and voluntary intoxication is clearly and accurately stated. The jury would have been told that when a person voluntarily had become "so greatly intoxicated . . . that he was incapable of forming the specific intent necessary to deliberate and premeditate," he may not be found guilty of an offense greater than second-degree murder.

A similar situation was presented in *Dingee* v. *Unrue*, 98 Va. 247, 35 S.E. 794 (1900). In that case, complaint also was made about the first sentence of an instruction, and we disposed of the issue as follows:

If the first sentence of the instruction stood alone, there might be ground for the criticism made upon it, but when it is read in connection with the residue of the instruction, which was intended to explain, and does explain fully and clearly what was meant, there is no valid objection to the instruction.

*Id.* at 252, 35 S.E. at 796.

Similarly, although deletion of the first sentence of Instruction 19A perhaps would have been an improvement, we hold that the instruction, read as a whole, contains a clear, accurate statement of the law. Therefore, the trial court erred in refusing Instruction 19A.

█ The Attorney General contends that even if the trial court erred in refusing Instruction 19A, the error was cured by the giving of Instruction 19. The trial court, *sua sponte*, drafted that instruction, which reads as follows:

The Court instructs the jury that voluntary intoxication is not a defense to murder or malicious wounding. Even if you find that the defendant was so greatly intoxicated by the voluntary use of alcohol that he was incapable of having the specific intent which is an element of this crime, you must still find him guilty if you find that the Commonwealth has proven every element of the crime beyond a reasonable doubt. In the case of first degree murder proof of voluntary intoxication may negate deliberation and premeditation which is a necessary element of that offense.

We find Instruction 19 confusing, inaccurate, and misleading. We hold, therefore, that giving Instruction 19 did not cure the error of failing to give Instruction 19A.

Accordingly, the judgment of the trial court as to the two first-degree murder convictions and the two convictions for use of a firearm while committing the murders will be vacated and the order of the Court of Appeals reversed. We will remand the case to the Court of Appeals with direction to remand the case to the trial court for further proceedings, if the Commonwealth be so advised.

*Reversed and remanded.*