COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Annunziata and Bumgardner
Argued at Alexandria, Virginia


NATHANIEL LEE DOWNING
                                          OPINION BY
v.   Record No. 2215-96-4      JUDGE ROSEMARIE ANNUNZIATA
                                        FEBRUARY 24, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                    Richard B. Potter, Judge

          Jerrold J. Negin for appellant.

          Eugene Murphy, Assistant Attorney General
          (Richard Cullen, Attorney General, on brief),
          for appellee.



     Nathaniel Lee Downing (appellant) appeals his conviction for

murder contending that the trial court erroneously denied his

motion to appoint a neurologist to assist in his defense and

erroneously struck the evidence of his pathological intoxication

in support of his defense of not guilty by reason of insanity.

We find no error and affirm the trial court's decision.

     We limit our discussion of the facts and arguments made to

those relevant to this opinion.  While visiting with a friend,

David Heider, at the Quantico Marine Base in the early evening of

October 2, 1995, appellant drank several beers and took the

remainder of the twelve-pack with him when he left to return to

his apartment in Dumfries, Virginia, between 8:00 p.m. and 8:45

p.m.

     Upon his return, appellant and Kristina King, appellant's

sister-in-law, embarked on a drinking game during which appellant

drank "six beers or so."  Between 11:00 p.m. and 12:00 p.m. that night, two of appellant's neighbors heard a woman in appellant's apartment scream, "Stop, Nathan, what's the matter with you?  Why are you doing this?" and, "Please don't kill me; please don't kill me."  One of appellant's neighbors called the police, who arrived at 11:50 p.m.

The police knocked on appellant's door several times, but appellant did not respond.  After the police left the apartment complex, appellant drove to his hometown in Ohio, where he was arrested.  The next morning, King was found stabbed to death in appellant's apartment.  King had a total of forty-seven wounds, inflicted with a 12-inch knife appellant had stolen from his place of work.  A grand jury indicted appellant for murder on December 4, 1995.

Appellant moved the court to appoint at the Commonwealth's expense a psychologist, Dr. William Stejskal, and a neurologist to evaluate him for pathological intoxication.  At the hearing on appellant's motions, Dr. Stejskal offered his opinion that appellant was suffering from pathological intoxication at the time of the offense.  He explained that pathological intoxication is a phenomena in which a person experiences an altered mental state and a violent and uncharacteristic reaction in response to alcohol.  Dr. Stejskal testified that, because pathological intoxication is often the result of a neurological abnormality, he recommended that appellant undergo a neurological examination,

2

including an E.E.G. and an M.R.I. Dr. Stejskal stated that the neurological examination would be helpful to him in determining the cause of appellant's pathological intoxication. Dr. Stejskal acknowledged, however, that the neurological examination was not a necessary component of his diagnosis and that his opinion that appellant was legally insane at the time of the killing would remain unchanged whether or not a biological component of the pathological intoxication became manifest. The court granted appellant's motion to appoint Dr. Stejskal to assist him in preparing his defense but denied appellant's motion for the appointment of a neurologist, reasoning that, although the neurological examination might be helpful, it was not necessary to Dr. Stejskal's diagnosis and, thus, not necessary to appellant's defense.

At trial, appellant presented Dr. Stejskal's testimony and had his preliminary and final reports admitted into evidence. Dr. Stejskal testified that appellant's attack on Ms. King was the product of a "grossly altered mental state" known as pathological intoxication and, as a result, appellant was "unable to understand the wrongfulness of his actions at the time of the assault." Dr. Stejskal testified that during an episode of pathological intoxication, a person is uncharacteristically aggressive and later has amnesia for the episode. The Commonwealth presented the rebuttal testimony of Dr. Evan Nelson, who testified that there was a "general consensus that

3

[pathological intoxication] is not an identifiable diagnosis by today's standards."

At the close of the evidence, the court ruled that "evidence of pathological intoxication by voluntary intoxication [cannot] be admitted into this Court as a matter of law on the issue of insanity." The court also found that appellant was not so intoxicated that he could not deliberate and premeditate. The court found appellant guilty of first degree murder and sentenced him to forty years incarceration, with seven years suspended.

In response to appellant's appeal of the court's refusal to admit evidence on pathological intoxication and its denial of his motion for the appointment of a neurologist, the Commonwealth argues that the pathological intoxication defense is unavailable in Virginia and that the unavailability of the defense bars any finding of prejudice from the trial court's denial of appellant's motion for the appointment of a neurologist. We agree and affirm the decision of the trial court.

I.  Pathological Intoxication Defense

"Generally, voluntary intoxication is not an excuse for any crime." Wright v. Commonwealth, 234 Va. 627, 629, 363 S.E.2d 711, 712 (1988) (citing Boswell v. Commonwealth, 61 Va. (20 Gratt.) 860, 870 (1871)). Virginia recognizes only one exception to this rule:  voluntary intoxication can negate the deliberation and premeditation required for first degree murder. Id. (citing, inter alia, Fitzgerald v. Commonwealth, 223 Va. 615, 631, 292

4

S.E.2d 798, 807 (1982)).

Appellant's argument that this Court should recognize a second exception for pathological intoxication is foreclosed by the decisions of the Supreme Court of Virginia. According to Dr. Stejskal, pathological intoxication is an episodic phenomenon in which a person temporarily becomes violently aggressive after exposure to alcohol. In Jordan v. Commonwealth, 181 Va. 490, 494, 25 S.E.2d 249, 250 (1943) (citing Johnson v. Commonwealth, 135 Va. 524, 115 S.E. 673 (1923)), the Supreme Court held that "drunkenness may have even produced temporary insanity during the existence of which the criminal act was committed and yet it would afford no excuse." Similarly, it has repeatedly held that voluntary intoxication is not a defense unless it produces a permanent insanity in the defendant. See Little v. Commonwealth, 163 Va. 1020, 1024, 175 S.E. 767, 768 (1934) (quoting Gills v. Commonwealth, 141 Va. 445, 450, 126 S.E. 51, 53 (1925)) ("'Voluntary drunkenness, where it has not produced permanent insanity, is never an excuse for crime . . . .'"); Gills, 141 Va. at 450, 126 S.E. at 53 (same); Johnson, 135 Va. at 529, 115 S.E. at 675 ("Voluntary drunkenness (as distinguished from settled insanity produced by drink) affords no excuse for crime . . . ."). Appellant does not contend that his exposure to alcohol has produced a permanent insanity but only that his pathological reaction to drinking produced an episode of temporary insanity.

5

"The fact that the result of the ingestion of alcohol may be more severe in one person than in another because of an idiosyncratic pathology does not make the ingestion involuntary." People v. Matthews, 717 P.2d 970, 971 (Colo. Ct. App. 1985). Therefore, "if the pre-existing condition of mind of the accused is not such as would render him legally insane in and of itself, then the recent use of intoxicants causing stimulation or aggravation of the pre-existing condition to the point of insanity cannot be relied upon as a defense to the commission of the crime itself." Evilsizer v. State, 487 S.W.2d 113, 116 (Tex. Ct. Crim. App. 1972).

We find that the defense of pathological insanity, which appellant urges this Court to accept, is merely a form of temporary insanity triggered by voluntary intoxication and that it is, therefore, prohibited under Virginia law. Accordingly, the trial court did not err in holding as a matter of law that appellant would not be permitted to present evidence of pathological intoxication on the issue of insanity.

## II. Appointment of Neurologist

The Constitution guarantees a criminal defendant "'the basic tools of an adequate defense or appeal.'" Ake v. Oklahoma, 470 U.S. 68, 77 (1985) (quoting Britt v. North Carolina, 404 U.S. 226, 227 (1971)). The Supreme Court of Virginia has held that this constitutional principle requires, in some circumstances, that a court appoint a non-psychiatric expert to assist the

defendant with his or her defense.  Husske v. Commonwealth, 252

Va. 203, 211, 476 S.E.2d 920, 925 (1996), cert. denied, 117

S. Ct. 1092 (1997).

> [A]n indigent defendant who seeks the appointment of an expert witness, at the Commonwealth's expense, must demonstrate that the subject which necessitates the assistance of the expert is "likely to be a significant factor in his defense," and that he will be prejudiced by the lack of expert assistance. An indigent defendant may satisfy this burden by demonstrating that the services of an expert would materially assist him in the preparation of his defense and that denial of such services would result in a fundamentally unfair trial.

Id. at 211-12, 476 S.E.2d at 925.

The defendant bears the burden of showing a "particularized

need" for expert assistance based on the circumstances of the

case, and the question of whether a defendant has made that

showing rests within the discretion of the trial court.  Barnabei

v. Commonwealth, 252 Va. 161, 171, 477 S.E.2d 270, 276 (1996)

(citing Husske, 252 Va. at 211-12, 476 S.E.2d at 925-26), cert.

denied, 117 S. Ct. 1724 (1997).  Therefore, we will not disturb

the decision of the trial court unless it is plainly wrong or

without evidence to support it.  Naulty v. Commonwealth, 2 Va.

App. 523, 527, 346 S.E.2d 540, 542 (1986).

Because the pathological intoxication defense is not a

viable defense under Virginia law, appellant was not "prejudiced

by the lack of expert assistance" in preparing and presenting

such a defense.  Husske, 252 Va. at 212, 476 S.E.2d at 925.  It

7

follows that, in the absence of a valid insanity defense, the appellant's motion for the appointment of a neurologist to assist him in the defense was properly denied.

For the reasons stated in this opinion, we affirm the conviction.

<u>Affirmed.</u>