COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Clements
Argued at Alexandria, Virginia


JOSEPH CARL JOHNSON
                                    MEMORANDUM OPINION* BY
v.    Record No. 0324-00-4         JUDGE RICHARD S. BRAY
                                        DECEMBER 28, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF RAPPAHANNOCK COUNTY
                   William Shore Robertson, Judge

            Cindy Leigh Decker, Assistant Public Defender
            (Paul A. Maslakowski, Senior Public Defender,
            on brief), for appellant.

            John H. McLees, Jr., Senior Assistant
            Attorney General (Mark L. Earley, Attorney
            General, on brief), for appellee.


     A jury convicted Joseph Carl Johnson (defendant) of first

degree murder and related use of a firearm, violations of Code

§§ 18.2-32 and -53.1, respectively.  On appeal, defendant

complains the trial court erroneously refused to instruct the jury

on voluntary intoxication as a defense to first degree murder.

Finding no error, we affirm the conviction.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Defendant requested the court to instruct the jury:

> If you find that the defendant was so greatly intoxicated by the voluntary use of alcohol that he was incapable of deliberating or premeditating, then you cannot find him guilty of murder in the first degree. Voluntary intoxication is not a defense to second-degree murder or voluntary manslaughter.

Concluding that the evidence established "mere drinking of alcohol" by defendant at the time of the offense, the court refused the instruction.

"The standard governing our review of a trial judge's decision to refuse a proffered jury instruction is well-settled. 'If any credible evidence in the record supports a proffered instruction . . . , failure to give the instruction is reversible error.'" Hartigan v. Commonwealth, 31 Va. App. 243, 257, 522 S.E.2d 406, 412 (1999) (quoting Boone v. Commonwealth, 14 Va. App. 130, 132, 415 S.E.2d 250, 251 (1992)). "Although the Commonwealth prevailed at trial, the appropriate standard for review requires that we view the evidence with respect to the refused instruction in the light most favorable to the defendant." Graham v. Commonwealth, 31 Va. App. 662, 680, 525 S.E.2d 567, 575 (2000) (quoting Boone, 14 Va. App. at 131, 415 S.E.2d at 251).

"[W]hen a person voluntarily becomes so intoxicated that he is incapable of deliberation or premeditation, he cannot commit a class of murder that requires proof of a deliberate and premeditated killing." Wright v. Commonwealth, 234 Va. 627,

-

629, 363 S.E.2d 711, 712 (1988).  However, "'so long as [an accused] retains the faculty of willing, deliberating and premeditating, though drunk, he is capable of committing murder in the first degree.'"  Hatcher v. Commonwealth, 218 Va. 811, 814, 241 S.E.2d 756, 758 (1978) (quoting Johnson v. Commonwealth, 135 Va. 524, 531, 115 S.E. 673, 675-76 (1923)).  Thus, "[t]o justify an instruction on voluntary drunkenness, the evidence must show more than the mere drinking of alcohol."  Id.  Willful concealment of involvement in an offense "suggest[s a] command of . . . faculties and . . . deliberation by an accused.  Lilly v. Commonwealth, 255 Va. 558, 579, 499 S.E.2d 522, 536-37 (1998), rev'd on other grounds, 527 U.S. 116, 119 S. Ct. 1887, 144 L.Ed.2d 117 (1999).

The instant record disclosed that defendant frequently abused alcohol and had been "drinking" for several hours prior to the offense.  At approximately 3:00 p.m., the victim, Willie Steve Nichols, Jr., arrived at defendant's home, and the two soon engaged in increasingly "heated" arguments.  Immediately prior to the homicide, defendant retrieved a rifle from his home, "lean[ing]" the weapon against a nearby tree upon his return to continue the dispute.  As the men stood "face to face," defendant produced another firearm, a handgun, from "behind his back" and shot Nichols in the head from a distance of "less than 12 inches," fatally wounding him.  Defendant then

-

proceeded into the house, murmuring, "the f'er shouldn't have been f'ing with me," and hid the murder weapon.

Major C.A. Williams, a Rappahannock County Chief Deputy Sheriff, arrived at the scene shortly thereafter.  He testified defendant initially resisted arrest but "calmed down" en route to the sheriff's office.  Williams described defendant's speech and gait as "normal."  During an interview with Detective E.P. Junger, approximately six hours following the shooting, defendant responded appropriately, in writing, to the several inquiries appearing on a preprinted "Miranda rights form," specifically noting he had consumed "[s]everal beers today," and properly executed the related waiver.  Junger detected "virtually no odor of alcohol upon [defendant's] breath," described his speech as "clear and coherent," "his eyes . . . clear and unglazed."  Upon questioning, defendant denied involvement in the offense, insisting he had previously "left the residence in the company of a lady."

Such evidence established defendant had consumed alcohol prior to the offense, but failed to suggest resulting impairment sufficient to preclude deliberation or premeditation.  To the contrary, immediately prior to the offense, defendant withdrew from the dispute, retreated to the safety of his home, armed himself with a rifle, and returned to the fray, carefully concealing a handgun.  Moments later, he fired upon the victim at point-blank range, fled to his home and secreted the weapon.

-

Arrested and questioned several hours later, defendant lied to conceal guilt, while appearing coherent, rational and otherwise unimpaired by alcohol.

Accordingly, the trial court correctly refused the disputed instruction, and we affirm the conviction.

<u>Affirmed</u>.