COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Felton, Judges Frank and Beales
Argued at Chesapeake, Virginia


WILLIAM ALLEN MORGAN

v.        Record No. 1527-05-1

COMMONWEALTH OF VIRGINIA

OPINION BY
CHIEF JUDGE WALTER S. FELTON, JR.
JULY 10, 2007


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Stephen C. Mahan, Judge

Andrew M. Sacks (Sacks & Sacks, on brief), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Robert F. McDonnell, Attorney General, on brief), for appellee.


A jury convicted William Allen Morgan (appellant) of malicious wounding in violation of

Code § 18.2-51 and use of a firearm during the commission of a felony in violation of Code

§ 18.2-53.1.  On appeal, he contends the trial court erred in granting the Commonwealth's motion *in

limine*, precluding him from presenting a "settled insanity" defense, and in "granting the

Commonwealth's proposed jury instructions and refusing [his] proposed instructions as to the

allocation of the burden of proof with respect to [his alternate] insanity defense."  Finding no error,

we affirm appellant's convictions.

I.  BACKGROUND

"Under familiar principles of appellate review, we view the evidence and all reasonable

inferences fairly deducible from that evidence in the light most favorable to the Commonwealth, the

party that prevailed below."  Banks v. Commonwealth, 41 Va. App. 539, 543, 586 S.E.2d 876, 877

(2003).  Consistent with this principle, the evidence shows that on September 24, 1985, appellant

shot his estranged wife eight times, causing permanent injury.  Appellant fled the scene before

police and medical personnel arrived. His vehicle was found abandoned two weeks later at the Norfolk Naval Base.[1] Almost seventeen years later, on May 1, 2002, appellant was arrested in Florida, where he had been living under an assumed name. He was eventually returned to Virginia to stand trial for the malicious wounding of his estranged wife and for use of a firearm during the commission of a felony.[2]

Appellant filed a notice with the trial court on July 2, 2003, that he intended to present a "settled insanity" defense, alleging that his "actions were the result and/or product of a mental disease or defect produced by long-term substance abuse, . . . including, but not limited to, alcohol and xanax abuse." On February 22, 2005, one day before appellant's scheduled jury trial, the Commonwealth made an oral motion *in limine* to preclude appellant from presenting expert testimony and other evidence in support of such a defense. The Commonwealth argued that appellant should not be permitted to present a "settled insanity" defense to the jury because he had conceded that he did not suffer from a permanent mental defect or disease.

Appellant acknowledged that his "condition [had] abated over a period of time when he stopped drinking, stopped using [] drugs, [and] had some treatment for his liver . . . ." However, he argued that the defense of "settled insanity" in Virginia "does not depend for its legal efficacy upon whether the defendant's insanity is temporary, intermittent, or permanent." Relying on Herbin v. Commonwealth, 28 Va. App. 173, 503 S.E.2d 226 (1998), he asserted that the duration of his mental defect or disease is immaterial so long as his long-term substance abuse produced a mental defect or disease that met Virginia's definition of insanity.

---

[1] The record reflects appellant retired from the Navy in 1982.

[2] Prior to returning to Virginia, a Florida court convicted appellant of two felonies in connection with his false identification.

The trial court rejected appellant's argument, ruling that "settled insanity [] is not recognized [in Virginia] as a valid defense unless it's permanent." Thus, it held that "because [appellant's] condition was not permanent, he does not currently meet the standard to be declared insane. He cannot avail himself of the settled insanity defense." The trial court explained:

> all the parties agree that [appellant] is no longer suffering from any condition that would meet the legal definition of insanity. He is, thus, asserting a temporary settled insanity defense or as [the Commonwealth] stated . . . a settled insanity in remission type of defense.

> \* \* \* \* \* \* \*

> The [S]upreme [C]ourt has clearly said that to be acceptable [the settled insanity] has to be permanent . . . .

> \* \* \* \* \* \* \*

> [Appellant's] condition cannot be permanent as required by case law if it no longer exists . . . [and] [i]f it's not permanent, then it's temporary.

Appellant's trial was subsequently continued to allow appellant to prepare an alternate defense. At trial, appellant did not deny shooting his estranged wife, but entered a plea of not guilty by reason of insanity due to involuntary intoxication. At the close of all the evidence, he proffered jury instructions A through E, allocating to the Commonwealth the burden of proving his sanity. The trial court refused appellant's proffered instructions, concluding that his instructions were contrary to established law. The trial court then instructed the jury in accordance with the Commonwealth's proffered instructions, which placed on appellant the burden of proving his insanity at the time of the offense.

The jury rejected appellant's alternate defense of insanity by reason of involuntary intoxication, and returned a guilty verdict for both charges. The trial court imposed the jury's sentence verdict of a total of 15 years imprisonment. This appeal followed.

## II. ANALYSIS

### A. "Settled Insanity" Defense

On appeal, appellant first contends that the trial court erred, as a matter of law, when it granted the Commonwealth's motion *in limine* precluding his proffered evidence of "settled insanity" from being presented to the jury.

"In Virginia . . . insanity is an affirmative defense that the defendant must establish to the satisfaction of the fact finder." Shifflett v. Commonwealth, 221 Va. 760, 769, 274 S.E.2d 305, 310 (1981). To present evidence of insanity to the fact finder, an accused must first make a *prima facie* showing that his evidence meets the requirements of the affirmative defense. See White v. Commonwealth, 272 Va. 619, 629, 636 S.E.2d 353, 358 (2006) (no error in refusing to allow evidence of "settled insanity" defense to be admitted for jury's consideration because accused's proffered evidence insufficient to establish prima facie defense of insanity). "Prima facie evidence is '[e]vidence that will establish a fact or sustain a judgment unless contradictory evidence is produced.'" Id. at 626, 636 S.E.2d at 357 (quoting Black's Law Dictionary 598 (8th ed. 2004)).

"'Virginia law recognizes two tests by which an accused can establish criminal insanity, the M'Naghten Rule and the irresistible impulse doctrine.'" Bennett v. Commonwealth, 29 Va. App. 261, 277, 511 S.E.2d 439, 446 (1999) (quoting Godley v. Commonwealth, 2 Va. App. 249, 251, 343 S.E.2d 368, 370 (1986)). Under the M'Naghten Rule,

> "it must be clearly proven that, at the time of the committing of the act, the party accused was labouring under such a defect of reason, from disease of the mind, as not to know the nature and quality of the act he was doing; or, if he did know it, that he did not know he was doing what was wrong."

Price v. Commonwealth, 228 Va. 452, 457-58, 323 S.E.2d 106, 109 (1984) (quoting M'Naghten's Case, 10 C. & F. 200, 8 Eng. Rep. 718, 722-23 (1843)). The irresistible impulse defense is available "where the accused's mind has become 'so impaired by disease that he is totally deprived

- 4 -

of the mental power to control or restrain his act.'" Godley, 2 Va. App. at 251, 343 S.E.2d at 370 (quoting Thompson v. Commonwealth, 193 Va. 704, 716, 70 S.E.2d 284, 292 (1952)).

"It is well settled in Virginia that, 'except in cases of first degree and capital murder, where proof of voluntary intoxication may negate deliberation and premeditation, such intoxication, whether from drugs or alcohol, is no defense to a criminal charge." Herbin, 28 Va. App. at 183-84, 503 S.E.2d at 231. However, common law has long recognized that the long-term, chronic, and habitual abuse of alcohol or drugs will support a defense of insanity where such abuse creates a mental defect or disease that meets the requirements of either of Virginia's insanity tests. See White, 272 Va. at 626, 636 S.E.2d at 357; Little v. Commonwealth, 163 Va. 1020, 1024, 175 S.E. 767, 769 (1934). See also Gills v. Commonwealth, 141 Va. 445, 450-51, 126 S.E. 51, 53 (1925); Boswell v. Commonwealth, 61 Va. (20 Gratt.) 860, 872 (1871); Herbin, 28 Va. App. at 184, 503 S.E.2d at 231. This common law exception to the general prohibition of voluntary intoxication as a defense to a criminal charge is known as the doctrine of "settled insanity." Herbin, 28 Va. App. at 184, 503 S.E.2d at 231 (citing Arey v. Peyton, 209 Va. 370, 375, 164 S.E.2d 691, 695 (1968)). See also Bieber v. People, 856 P.2d 811, 815 (Colo. 1993) (en banc) ("The doctrine of 'settled insanity' draws a distinction between voluntary intoxication, universally recognized as not constituting a defense, and 'insanity' arising from long-term use of intoxicants but separate from immediate intoxication.").

Appellant argues the trial court erroneously ruled that the applicability of the "settled insanity" defense is limited to mental defects or diseases that are permanent in duration. He asserts that our decisions in Herbin and Vann v. Commonwealth, 35 Va. App. 304, 313 n.3, 544 S.E.2d 879, 883 n.3 (2001), "impl[y] that it is not the length or duration of the actual mental disease or defect induced by long-term alcohol/substance abuse, but the nature and quality of its effect upon

the defendant's mental processes . . . " that is dispositive to determining whether an accused may present a "settled insanity" defense to the fact finder. (Emphasis in original). We disagree.

"From its inception to the present, the settled insanity doctrine has been consistently characterized as a state of mind resulting from 'long-continued,' 'habitual,' 'prolonged,' or 'chronic' alcohol or drug abuse leading to a more or less permanent or 'fixed' state of insanity." State v. Sexton, 904 A.2d 1092, 1102 (Vt. 2006) (citations omitted). See, e.g., A. Levine, Note, Denying the Settled Insanity Defense: Another Necessary Step in Dealing with Drug and Alcohol Abuse, 78 B.U. L. Rev. 75, 78 (1998) ("The long-term, consistent abuse of drugs or alcohol may result in permanent mental disorders that are symptomatically and organically similar to mental disorders caused by brain disease. Courts have labeled this condition as 'fixed' or 'settled' insanity, because the disorder remains even though the defendant is not under the influence of the intoxicants."); J. Dressler, Understanding Criminal Law § 24.05[B], at 329 (3d ed. 2001) ("Habitual use of intoxicants can result in permanent brain damage, resulting in a substance-induced mental disorder that persists, i.e., the disorder remains even when the actor is not under the influence of intoxicants.").

> The underlying rationale for the "settled insanity" doctrine is generally explained as an acknowledgement of "the futility of punishment, since the defective mental state is permanent," or, more commonly, as a compassionate concession that at some point a person's earlier voluntary decisions become so temporally and "morally remote" that the cause of the offense can reasonably be ascribed to the resulting insanity rather than the use of intoxicants.

Sexton, 904 A.2d at 1102 (internal citations omitted).

Consistent with this characterization of the doctrine of "settled insanity," our Supreme Court "has repeatedly held that voluntary intoxication is not a defense unless it produces a permanent insanity in the defendant." Downing v. Commonwealth, 26 Va. App. 717, 722, 496 S.E.2d 164, 166 (1998). See, e.g. White, 272 Va. at 626, 636 S.E.2d at 357 ("We adopted the common law

distinction between temporary intoxication and permanent insanity long ago."); Little, 163 Va. at 1024, 175 S.E. at 769 ("Voluntary drunkenness, where it has not produced permanent insanity, is never an excuse for crime . . . ."); Gills, 141 Va. at 450-51, 126 S.E. at 53 (same); Boswell, 61 Va. (20 Gratt.) at 872 ("If permanent insanity be produced by habitual drunkenness, then, like any other insanity, it excuses an act which would be otherwise criminal."). Thus, it is well settled that, in order to present a "settled insanity" defense in Virginia, an accused must make a *prima facie* showing that at the time of the offense he (1) suffered from a mental defect or disease of the mind, (2) that is traceable to long-term, chronic, and habitual alcohol or drug abuse, which (3) resulted in a permanent insanity as defined by Virginia law. White, 272 Va. at 626, 636 S.E.2d at 357. Our decisions in Herbin and Vann do not deviate from this binding precedent.

In Herbin, we affirmed the trial court's refusal to give the appellant's proffered jury instructions on insanity because, "[a]lthough [the] appellant produced evidence of long-term and severe drug abuse, he did not present any evidence that he was suffering from any mental disease as a result of this drug abuse." 28 Va. App. at 184, 503 S.E.2d at 231. Absent evidence that the appellant "was laboring under a diseased mind," id. at 183, 503 S.E.2d at 231, it was unnecessary for us to address the issue of whether the alleged mental defect or disease was permanent in nature.

Similarly in Vann, we concluded that the trial court did not err in rejecting appellant's irresistible impulse defense because he did not present any expert testimony regarding his mental state at the time the offenses were committed. The appellant's failure to meet his burden of proving that his "mental state met the appropriate legal definition of insanity at the time the offense was committed," 35 Va. App. at 313 n.3, 544 S.E.2d at 883 n.3 (citing Gibson v. Commonwealth, 216 Va. 412, 417, 219 S.E.2d 845, 849 (1975) (emphasis in original omitted)), rendered any discussion of the duration of his alleged mental defect or disease immaterial to our decision to affirm the trial court.

"'Faithful adherence to the doctrine of judicial restraint provides a fully adequate justification for deciding [] case[s] on the best and narrowest ground[s] available.'" Anzualda v. Commonwealth, 44 Va. App. 764, 789-90, 607 S.E.2d 749, 762 (2005) (*en banc*) (quoting Air Courier Conference v. Am. Postal Workers' Union, 498 U.S. 517, 531 (1991) (Stevens, J. concurring)). Discussion of whether Herbin's or Vann's alleged mental defects or diseases were permanent in nature was unnecessary to the holding in each case, and as such would have been dicta. See Lofton Ridge, LLC v. Norfolk S. Ry., 268 Va. 377, 383, 601 S.E.2d 648, 651 (2004). The absence of such discussion, therefore, does not imply that we no longer adhere to the binding precedent established by the Supreme Court in Boswell, Gills, Little, and reaffirmed in White. See Newman v. Newman, 42 Va. App. 557, 566, 593 S.E.2d 533, 538 (2004) (*en banc*) ("Dicta cannot 'serve as a source of binding authority in American jurisprudence.'" (citation omitted)). Accordingly, we reject appellant's assertion that our holdings in Herbin and Vann changed the legal requirements of the "settled insanity" defense in Virginia.

Appellant argues in the alternative that even if we affirm our ruling in Downing, that voluntary intoxication does not constitute an affirmative defense unless it produces a permanent insanity, the Supreme Court recently interpreted the "permanent" requirement of "settled insanity" broadly to include intermittent episodes of insanity induced by chronic intoxication occurring over a significant period of time. Specifically, he contends the Supreme Court's decision in White defined "permanent" as requiring the accused to "'show that his long term and continued use of intoxicants produced a fixed and settled frenzy or insanity either permanent *or intermittent*.'" 272 Va. at 627, 636 S.E.2d at 357 (emphasis added) (quoting Kiley v. State, 860 So.2d 509, 511 n.3 (Fla. Dist. Ct. App. 2003)).

Our reading of White, however, shows that appellant's argument is without merit. The permanency of the appellant's alleged insanity was not before the Court in White. Rather, the Court

considered whether the appellant's proffered evidence of his cocaine abuse was sufficient to establish a *prima facie* defense of insanity. In concluding that the appellant's daily use of cocaine for at least three months prior to his arrest did not "demonstrate long-term, chronic, and habitual abuse," 272 Va. at 629, 636 S.E.2d at 358, the Court held that "settled insanity" must "be produced over a significant period of time [to cause a mental disease]," id. at 627, 636 S.E.2d at 357. To illustrate the principle that long-term, chronic, and habitual abuse was needed to cause mental disease, the Court cited multiple cases from other jurisdictions. The language in these citations, upon which appellant relies in support of his position that "settled insanity" may be "intermittent," constitutes nothing more than dicta, and, therefore, these citations "ha[ve] no binding *stare decisis* effect." Uninsured Employer's Fund v. Wilson, 46 Va. App. 500, 507, 619 S.E.2d 476, 479 (2005) (citing Newman, 42 Va. App. at 566, 593 S.E.2d at 538). Consequently, we find nothing in White that indicates the Supreme Court intended to broaden the scope of the "settled insanity" defense to include "intermittent" mental disease, which it clearly rejected in the past.

We therefore conclude that the trial court did not err, as a matter of law, in ruling that the defense of "settled insanity" is not available to an accused unless he can make a *prima facie* showing that he suffers from a mental defect or disease, traceable to long-term, chronic, and habitual alcohol or drug abuse, that is permanent in duration. As appellant conceded his insanity was not permanent, the trial court did not abuse its discretion by precluding him from presenting evidence to the jury in support of a "settled insanity" defense.

### B. Jury Instructions

Appellant next contends the trial court erroneously adopted the Commonwealth's proposed jury instructions, refusing his proffered instructions,[3] regarding the allocation of the burden of proof

---

[3] Appellant's proffered instructions A through E placed the burden of persuasion on the Commonwealth to prove his sanity. For example, proffered Instruction No. B provided:

for his alternate insanity defense of involuntary intoxication.  Specifically, he argues that Instruction

No. 16, and by association Instruction Nos. 17, 19, and 20, unconstitutionally shifted the burden of

proof to him regarding his lack of *mens rea*.  We disagree.

"The purpose of any jury instruction is to inform the jury of the law guiding their

deliberations and verdict."  Keen v. Commonwealth, 24 Va. App. 795, 807, 485 S.E.2d 659, 665

(1997) (citing Cooper v. Commonwealth, 2 Va. App. 497, 345 S.E.2d 775 (1986)).  "The trial judge

has broad discretion in giving or denying instructions requested."  Gaines v. Commonwealth, 39

Va. App. 562, 568, 574 S.E.2d 775, 778 (2003) (*en banc*).  "A reviewing court's responsibility in

reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions

cover all issues which the evidence fairly raises.'"  Darnell v. Commonwealth, 6 Va. App. 485, 488,

370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858

(1982)).  An instruction that provides "a correct statement of the law is one of the 'essentials of a

fair trial.'"  Hucks v. Commonwealth, 33 Va. App. 168, 174, 531 S.E.2d 658, 661 (2000) (quoting

Dowdy v. Commonwealth, 220 Va. 114, 116, 255 S.E.2d 506, 508 (1979)).  "No instruction should

be given that 'incorrectly states the applicable law or which would be confusing or misleading to the

jury.'"  Mouberry v. Commonwealth, 39 Va. App. 576, 582, 575 S.E.2d 567, 569 (2003) (quoting

Bruce v. Commonwealth, 9 Va. App. 298, 300, 387 S.E.2d 279, 280 (1990)).

Instruction No. 16, given by the trial court, stated:

> The defendant is presumed to be sane at the time of the
> crime.  In order to be found not guilty on the ground of insanity
> due to involuntary intoxication, the defendant must prove by the
> greater weight of the evidence that he was insane due to

---

> All persons are presumed sane.  However, if the evidence causes
> you to have a reasonable doubt concerning the defendant's sanity
> at the time of the offenses, then the presumption of sanity vanishes
> and the State must prove beyond a reasonable doubt that the
> defendant was sane at the time of the offense.

involuntary intoxication as defined in Instruction No. 19 when the crimes were committed.

"In Virginia, every man is presumed to be sane until the contrary is made to appear and when insanity is relied upon as a defense in a criminal prosecution, it must be proved by the defendant to the satisfaction of the jury." Taylor v. Commonwealth, 208 Va. 316, 322, 157 S.E.2d 185, 189-90 (1967). See also Vann, 35 Va. App. at 312, 544 S.E.2d at 882 ("The burden of proving insanity rests on the individual asserting it as a defense."). The United States Supreme Court recently approved this allocation of the burden of persuasion with respect to the defense of insanity in Clark v. Arizona, 126 S. Ct. 2709 (2006). In Clark, the Court held that a state "may [choose to] place the burden of persuasion on a defendant to prove insanity as the applicable law defines it, whether by a preponderance of the evidence or to some more convincing degree." 126 S. Ct. at 2731. As Justice Rehnquist explained in his concurrence in Mullaney v. Wilbur, 421 U.S. 684 (1975), "the existence or nonexistence of legal insanity bears no necessary relationship to the existence or nonexistence of the required mental elements of [a] crime." Id. at 706. Therefore, allocating the burden of proof to an accused with respect to his insanity defense does "not effect an unconstitutional shift in the [] traditional burden of proof beyond a reasonable doubt of all necessary elements of the offense." Id. Thus, Virginia's allocation of both the burden of production and the burden of persuasion with respect to the affirmative defense of insanity is constitutionally permissible, and we reject appellant's claim to the contrary.[4]

As Instruction No. 16 is an accurate statement of law, we conclude the trial court did not err in refusing appellant's proffered instructions. See Gaines, 39 Va. App. at 568, 574 S.E.2d at 778 ("'When granted instructions fully and fairly cover a principle of law, a trial court does not abuse its

_____

[4] Appellant conceded at oral argument that the United States Supreme Court's decision in Clark governed our resolution of this issue.

- 11 -

discretion in refusing another instruction relating to the same legal principle.'" (quoting <u>Stockton v. Commonwealth</u>, 227 Va. 124, 145, 314 S.E.2d 371, 384 (1984))).

For the foregoing reasons, we affirm appellant's convictions.

<u>Affirmed.</u>