McCLANAHAN, J.,
concurring.
I agree with the conclusion reached by the majority that the evidence was sufficient to prove Marsh intended to permanently deprive Gazda of her property and therefore concur in affirming his conviction. I disagree, however, with the majority’s discussion of whether his intent to return the property was “unconditional.”
As the majority states, when a defendant takes the property of another person with the intent to use it temporarily and return it within a reasonable time, he generally lacks the intent to commit larceny. Carter v. Commonwealth, 280 Va. 100, 107, 694 S.E.2d 590, 595 (2010). But his intent to return must be “unconditional.” Id. Therefore, “it is no defense to larceny that the taker intends to return the property” upon a “condition which he has no right to impose.” Id.
Although Carter and the other cases cited by the majority involved defendants placing a condition upon the original owners of the property,[8]1 do not believe those cases stand for the proposition that a self-imposed condition could not also constitute a condition the defendant has no right to impose. I cannot, therefore, agree that “[bjecause the condition in this case is not one placed on Gazda, we do not find that the return of the property was based on a condition Marsh had no right to impose.... ” Indeed, a condition imposed upon the defendant by himself or imposed upon the defendant by a third party because of defendant’s own actions is also evidence of *657 whether the defendant’s intent to return the property was unconditional.
Nevertheless, since the majority concludes the evidence was sufficient to prove Marsh intended to permanently deprive Gazda of her property because he did not have the substantial ability to return it, I believe the discussion of whether his intent to return was “unconditional” is unnecessary to the holding. See Morgan v. Commonwealth, 50 Va.App. 120, 130-31, 646 S.E.2d 899, 904 (2007) (appellate court opinions should avoid dicta and be decided on the best and narrowest grounds).

. People v. Davis, 19 Cal.4th 301, 79 Cal.Rptr.2d 295, 965 P.2d 1165 (1998); Slaughter v. State, 113 Ga. 284, 38 S.E. 854 (1901); Commonwealth v. Mason, 105 Mass. 163 (1870); Berry v. State, 31 Ohio St. 219 (1877); State v. Hauptmann, 115 N.J.L. 412, 180 A. 809 (1935).